■ SHERMAN J. SAXL, as Successor Receiver for Consolidated Research and Manufacturing Corporation, Appellant-Respondent, v. WILLIAM B. ROBERTS et al., Respondents-Appellants, et al., Defendants.— Cross appeals from order of the Supreme Court, New York County, entered on February 22, 1971, denying reargument or reconsideration, unanimously dismissed as moot, without costs and without disbursements. Order of the Supreme Court, New York County, entered on September 29, 1970, unanimously modified, on the law, to the extent of granting the motion to strike the affirmative defense of release, and otherwise affirmed, and plaintiff-appellant-respondent shall recover of defendants-respondents-appellants $50 costs and disbursements of this appeal. Plaintiff, the receiver of Vickers, Christy & Co., Inc. ("Vickers"), appeals from an order denying his motion to strike the affirmative defense of general release.

The release appears on page A8 of the plaintiff's appendix. The defendants-respondents cross-appeal from the denial of their motion for summary judgment. Vickers sued Consolidated Research and Manufacturing Corporation ("Consolidated"). It recovered a judgment in the sum of $149,646.20 in the United States District Court for the Southern District of New York. Plaintiff who, as stated above, was the receiver for Vickers was then appointed successor receiver for Consolidated. As such successor receiver of Consolidated, he commenced this action. The first cause of action alleges a preferential transfer to defendant Roberts, a Consolidated director and officer. The second cause of action alleges a Consolidated-Vickers underwriting agreement, Consolidated's failure to file a post-effective amendment, damages to Vickers arising from such failure, the United States District Court adjudication of breach of contract by Consolidated, and the recovery of said judgment. The second cause of action also alleges that the defendants as officers and directors of Consolidated formed the deliberate design and purpose not to file a post-effective amendment since the filing of such amendment would disclose that defendants and their families had caused certain investment stock to be exchanged for public shares under cover of the securities which could properly be sold to the public and sold such stock at a handsome profit to themselves. Defendants interposed several defenses, one being general release. On this appeal, plaintiff and defendants focus upon one issue, the defense of general release. All parties agree that all defenses, other than legal insufficiency and general release, were withdrawn and the defense of legal insufficiency has been dismissed. The defense of general release is predicated upon a release given by Vickers to Consolidated. If the affirmative defense of general release is permitted to stand, the United States District Court's judgment will be destroyed. This would be tantamount to a collateral attack on the judgment in the Federal court. It may not be entertained by this court. The fact of the matter is a direct application to the Federal court for vacatur of the judgment on the basis of this general release was denied on October 14, 1971 by the Federal court. Full faith and credit must be given to the judgment of the Federal court. (*Garvin* v. *Garvin,* 302 N. Y. 96, 103.) Should we let stand the defense based on the general release antedating the Federal judgment, we would be entertaining a collateral attack against it. This we may not do, except for lack of jurisdiction or extrinsic fraud. (*Chenu* v. *Board of Trustees of Police Pension Fund of the City of New York,* 12 A D 2d 422, affd. 11 N Y 2d 688.) We hold the defendants may not impair the judgment against Consolidated which forms the basis of this action. Moreover, the release relied on runs to Consolidated alone and the defendants do not claim under Consolidated. On the contrary, it is the plaintiff, as receiver of Consolidated, who claims under Consolidated. Further, it is apparent that the release given from Vickers to Consolidated was for the sole purpose of Consolidated obtaining $12,500 for the shares which Vickers contracted to purchase and to permit one Lieberman to receive the shares. In any event, the release is not available to the defendants as a defense to the claim of their breach of fiduciary responsibility. Concur — Stevens, P. J., Capozzoli, Nunez and McNally, JJ.