■ PAUL B. STEINBERG, as Trustee, Appellant, v METRO ENTERTAINMENT CORP. et al., Respondents.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered February 9, 1988, which, *inter alia,* denied plaintiff-appellant's motion for partial summary judgment, unanimously modified, on the law, the motion for summary judgment in favor of plaintiff-appellant on the third cause of action granted, and otherwise affirmed, without costs.

Plaintiff-appellant was entitled to summary judgment on its third cause of action to recover upon a final judgment of the Dade County, Florida, Circuit Court, entered upon the default of defendant-respondent Jackie Mason, in the amount of $47,587.50. Respondent did not challenge the jurisdiction of the Florida court which rendered the default judgment nor did he allege any extrinsic fraud in the procurement thereof. Absent such fraud or a jurisdictional challenge, a final judgment

rendered on the default of a party to the action is conclusive and not subject to collateral attack *(Sadler v Trisan,* 20 AD2d 857 [1st Dept 1964]). Judgments rendered by the courts of a sister State are entitled to full faith and credit and are similarly immune from challenge *(Greschler· v Greschler,* 51 NY2d 368, 376 [1980]; *Saxl v Roberts,* 37 AD2d 932, 933 [1st Dept 1971]; *Chenu v Board of Trustees,* 12 AD2d 422, 424 [1st Dept 1961], *affd* 11 NY2d 688 [1962]).

The allegations of intrinsic fraud in execution of the promissory note and appellant's alleged breach of contract, asserted in the counterclaim and reiterated in the affirmation in opposition of respondent's counsel, are unavailing. The affirmation of counsel, who does not have personal knowledge of the facts, is without probative value *(Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553 [1982]; *Simpson v Term Indus.,* 126 AD2d 484, 485 [1st Dept 1987]; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136 [1st Dept 1968], *affd* 29 NY2d 617 [1971]). It is therefore insufficient to defeat appellant's motion for summary judgment *(Olan v Farrell Lines,* 105 AD2d 653 [1st Dept 1984], *affd* 64 NY2d 1092 [1985]). Respondent's argument, addressed to appellant's failure to comply with the procedures of CPLR article 54, is irrelevant inasmuch as article 54 does not apply to foreign judgments obtained by a default in appearance (CPLR 5401, 5402) and appellant chose enforcement by way of summary judgment proceedings *(see,* CPLR 5406). Concur—Kassal, J. P., Rosenberger, Ellerin and Wallach, JJ.