■ In the Matter of SUSAN G., Appellant, v MARTIN L., Respondent.—Order, Family Court, New York County (Judith B. Sheindlin, J.), entered December 23, 1991, to the extent that it upheld a Hearing Examiner's vacatur of the registration of a foreign order for payment of child support, unani-

mously reversed, on the law, and the registration is reinstated, without costs.

In 1986 respondent was directed by Family Court to pay child support in the amount of $40 per week. Two years later, a court in Colorado, where petitioner resided, modified that order and directed respondent to pay $415 per month. When respondent failed to comply with the latter order, petitioner brought a contempt proceeding in Colorado, in which respondent again defaulted after filing notice of appearance. In 1990 petitioner registered the Colorado order in Family Court, notice of which was thereupon served on respondent, in accordance with Domestic Relations Law § 37-a (5) (b). Respondent sought vacatur of the registration (§ 37-a [6] [b]) on the ground that he was already under an Ohio court's registered order for child support (which itself had been suspended by Family Court). The case was referred to a Hearing Examiner who considered the issues of Colorado jurisdiction over respondent, and the Family Court's authorization to register the Colorado support order.

Service had been made on respondent in 1988 when he went to Colorado to pick up the couple's child at petitioner's home. There a process server, without identifying himself as such, had handed respondent a magazine and suggested he read an article inside. Respondent had put the magazine in his bag and left with his daughter for the airport. He later discovered the summons tucked inside the magazine. Under Colorado law, that constituted valid service *(Martin v District Ct.,* 150 Colo 577, 375 P2d 105).

The question is whether the foreign child support order can validly be registered here, in light of the fact that that order issued upon respondent's default. Respondent cites CPLR article 54, which entitles foreign judgments to full faith and credit enforcement here "except [where] obtained by default in appearance" (CPLR 5401). Article 54 precludes registration of foreign money judgments obtained by default. But here, there was a default only after personal jurisdiction was obtained. Where there is no challenge to jurisdiction in the issuing State, its judgment is entitled to full faith and credit here *(Steinberg v Metro Entertainment Corp.,* 145 AD2d 333).

We hold that in any event, CPLR article 54 is inapplicable to the more specific, later-enacted Uniform Support of Dependents Law (Domestic Relations Law art 3-A), which is New York's equivalent of the Uniform Reciprocal Enforcement of Support Act. Whereas the CPLR provision precludes enforce-

ment of a foreign judgment obtained by default in appearance, article 3-A affords registration except where there are defenses available in "an action to enforce a foreign money judgment" for child support (Domestic Relations Law § 37-a [6] [b]). Respondent's default in appearance would not be a valid defense to such an action once personal jurisdiction over him had been otherwise obtained. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.