■ In the Matter of Wanda C., Appellant, v Hector C., Respondent.—Order, Family Court, New York County (Edward Kaufmann, J.), dated December 5, 1991, which confirmed the determination of the Family Court Hearing Examiner, dated November 19, 1991, vacating a Puerto Rico child support order registered pursuant to Domestic Relations Law § 37-a, unanimously reversed, on the law, the registration is reinstated, and the matter is remanded for further proceed-

ings to determine whether respondent was subject to in personam jurisdiction in the courts of Puerto Rico, without costs; and appeal from an order of said court, dated September 26, 1991, which directed the Hearing Examiner to ascertain whether the Puerto Rico support order was entered on respondent's default and, if so, to vacate the Domestic Relations Law § 37-a registration, is dismissed as superseded, without costs.

The parties were married on May 2, 1972 in the State of New York, and had three children, born in 1973, 1974 and 1977. In 1979, petitioner-wife left the marital apartment with the children and, by default judgment entered on or about August 10, 1990, she obtained a divorce in the Superior Court of Puerto Rico, San Juan. Jurisdiction over respondent-husband, who continued to reside in New York, had been obtained by the Puerto Rico court through service by publication in a newspaper published in Puerto Rico. The judgment of divorce contained a child support provision directing respondent to pay petitioner the sum of $300 per month.

On October 19, 1990, petitioner registered the child support order with the Family Court, New York County, pursuant to Domestic Relations Law § 37-a, which provides for the registration of foreign support orders in New York, and confers jurisdiction on the Family Court solely for enforcement purposes.

In confirming the vacatur of the registration by the Hearing Examiner, the Family Court held that, since out-of-State money judgments obtained on default cannot be registered for enforcement under CPLR article 54, foreign child support orders obtained on default are similarly precluded from registration under Domestic Relations Law § 37-a. In a recent case raising an identical claim, *Matter of Susan G. v Martin L.* (186 AD2d 29), this Court rejected such reasoning, and ruled that CPLR article 54 does not apply to Domestic Relations Law article 3-A *(see generally, Matter of Kaplan v Kaplan,* 167 AD2d 652). Respondent's claim in this regard, which is indistinguishable from that raised in *Matter of Susan G. v Martin L. (supra),* must, therefore, fail.

However, our courts will enforce a foreign support order only if the court proceedings which yielded it were without jurisdictional defect *(see, Steinberg v Metro Entertainment Corp.,* 145 AD2d 333, 333-334; *L & M House of Jeans v Communication Control Sys.,* 88 AD2d 884, 885, *lv dismissed* 57 NY2d 956). Here, respondent's claim that he lacked sufficient minimum contacts with Puerto Rico to meet due process standards was not, given the vacatur of the registration,

reached by the Family Court, and the record before us is insufficient to resolve this disputed issue.

Accordingly, the matter is remanded for such a determination, and for further proceedings consistent therewith. Concur —Murphy, P. J., Milonas, Rosenberger, Kassal and Rubin, JJ.