■ In the Matter of CAROL FICKLING, Respondent, v JOHN FICKLING, Appellant. [619 NYS2d 749] —In a proceeding to register an Australian judgment for child support, the husband appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated January 26, 1993, which denied his objections to an order of the same court, dated October 20, 1992, denying his petition to vacate the registration and confirming the registration of the Australian judgment.

Ordered that the order is affirmed, with costs.

The parties were married in Australia during the early 1970's and lived there, with their four children, until approximately 1986, when the husband returned to New York and the wife commenced divorce proceedings. After a trial, the Australian court awarded the wife approximately 40% of the substantial real estate and investment holdings acquired by the couple during the marriage, and directed the husband to pay child support, including substantial arrears. Subsequently, the wife petitioned the Family Court, Suffolk County, to register the Australian judgment pursuant to Domestic Relations Law § 37-a.

The husband challenged the registration of the Australian judgment, which was entered on a default because he failed to appear at the trial, on the ground, *inter alia,* that his wife had lulled him into the false belief that the trial would not go forward because of continuing settlement negotiations. He further contended that since neither his wife nor the Australian court had notified him of the trial date at a time when he was, allegedly, unrepresented by counsel, the judgment was obtained by fraud.

New York State courts must recognize the judgments rendered in a foreign country under the doctrine of comity, absent some showing of fraud in the procurement of the judgment or that recognition of the judgment would do vio-

lence to some strong public policy of this State (see, Greschler v Greschler, 51 NY2d 368, 376). Further, the only defenses which may be interposed in a registration proceeding, such as in the present case, are those which relate to the validity of the foreign judgment, i.e., lack of jurisdiction or extrinsic fraud (see, Sabrina D. v Thomas W., 110 Misc 2d 796). The husband makes no claim that the Australian court lacked personal jurisdiction over him. In any event, where the judgment has been obtained by default, after personal jurisdiction over the defaulting party has been obtained, the judgment is entitled to recognition under the doctrine of comity, absent evidence of extrinsic fraud (see, Greschler v Greschler, supra; see also, Tamimi v Tamimi, 38 AD2d 197).

Contrary to the husband's contentions, there is evidence that, at the very least, he had constructive notice of the trial date. The record indicates that the husband was represented by counsel until several weeks prior to the trial, and that, although he himself was not in court, the husband's business representatives and counsel were present when the trial date was set. While the record also indicates that the parties were engaged in settlement negotiations until shortly before trial, there is no evidence that the wife made representations that the trial would be postponed pending the outcome of the negotiations. Thus, there is no evidence of extrinsic fraud (see, Shaw v Shaw, 97 AD2d 403; see also, Tamimi v Tamimi, supra, at 199).

The husband's further claim that the child support award was based upon invalid evidence at the trial is a substantive issue which may not be relitigated in New York (see, Greschler v Greschler, supra; see also, Wolfe v Wolfe, 64 AD2d 700).

We have considered the husband's remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.