■ In the Matter of EVELYN GRUMBLING, Appellant, v

---

DAVID B. HAMILTON, Respondent. [620 NYS2d 519] —Cardona, P. J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered September 22, 1993, which, in a proceeding pursuant to Domestic Relations Law § 37-a, granted respondent's cross petition to modify his child support obligation.

On May 28, 1992 petitioner, by her representative the Franklin County Department of Social Services, commenced this proceeding in Family Court pursuant to Domestic Relations Law § 37-a to register a foreign order of child support. The order had been entered, with the consent of respondent, on September 13, 1990 in the Superior Court of California. Respondent responded to the notice of registration with a cross petition to reduce his child support obligation on the basis that he was disabled and on welfare. The Hearing Examiner, over the jurisdictional objections of the Department of Social Services, modified the order of support. Family Court affirmed the Hearing Examiner's order and petitioner appeals.

Domestic Relations Law § 37-a was enacted to provide a facile procedure to give full faith and credit to a foreign order of support analogous to CPLR article 54 (Uniform Enforcement of Foreign Judgment Act) and nothing more (see, Matter of M. H. v C. M., 118 Misc 2d 810, 812; see also, Matter of Kaplan v Kaplan, 167 AD2d 652). Registration under Domestic Relations Law § 37-a specifically confers jurisdiction on Family Court solely for enforcement purposes and does not confer jurisdiction over the parties for any other purpose (Domestic Relations Law § 37-a [6] [a]; Matter of Wanda C. v Hector C., 190 AD2d 583, 584; Matter of MacFadden v Martini, 119 Misc 2d 94). Within the context of the instant registration proceeding, Family Court was without personal jurisdiction over petitioner to modify the California order of support. Accordingly, Family Court's order must be reversed, respondent's cross petition dismissed and the registered order confirmed. It is noted that respondent is not without remedies assuming that personal jurisdiction over petitioner is appropriately acquired in a forum of competent jurisdiction.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross petition dismissed, petition granted and the registered foreign order of support is confirmed.