■ In the Matter of ILSE HIEBAUM, Respondent, v KURT HIEBAUM, Appellant. [650 NYS2d 742] —In a proceeding to register a foreign order of child support, the appeals are from (1) an order of the Family Court, Westchester County (Mrsich, H.E.), dated June 9, 1995, which denied his cross petition to vacate the foreign order of child support, and (2) from an order of the same court (Bellantoni, J.), dated September 11, 1995, which denied his objections to the Hearing Examiner's order.

Ordered that the orders are affirmed, without costs or disbursements.

The appellant had previously sought to vacate the registration of this foreign order of child support, and his petition was denied by the Hearing Examiner with prejudice. His objections to the Hearing Examiner's order were denied by the Family Court, Westchester County (*see, Matter of Hiebaum v Hiebaum,* 233 AD2d 397 [decided herewith]). Thus, the appellant's latest petition to vacate the registration of this foreign order, pursuant to Domestic Relations Law § 37-a, was properly denied. In any event, there is no merit to the appellant's argument that the foreign order of child support violates this State's public policy, due to his status as a poor person receiving Medicaid, Supplemental Security Income, and food stamps (*cf., Matter of Grumbling v Hamilton,* 210 AD2d 787). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.