■ In the Matter of ILSE HIEBAUM, Respondent, v KURT HIEBAUM, Appellant. [650 NYS2d 742] —In a proceeding to register a foreign order of child support, the appeals are from (1) an order of the Family Court, Westchester County (Mrsich, H.E.), dated June 9, 1995, which denied his cross petition to vacate the foreign order of child support, and (2) from an order of the same court (Bellantoni, J.), dated September 11, 1995, which denied his objections to the Hearing Examiner's order.

■ In the Matter of ILSE HIEBAUM, Respondent, v KURT HIEBAUM, Appellant. [650 NYS2d 743] —In a proceeding to register a foreign order of child support, the appeals are from (1) a purported order of the Family Court, Westchester County, dated October 28, 1993, which notified the appellant that a foreign order of child support was registered pursuant to Domestic Relations Law § 37-a, (2) an order of the same court (Mrsich, H.E.), dated October 17, 1994, which dismissed, with prejudice, the appellant's petition to vacate the registration of the foreign order of support, and (3) an order of the same court (Bellantoni, J.), dated January 10, 1995, which denied the appellant's objections to the Hearing Examiner's order.

Ordered that the appeal from the purported order dated October 28, 1993, is dismissed, without costs or disbursements; and it is further,

Ordered that the orders dated October 17, 1994, and January 10, 1995, are affirmed, without costs or disbursements.

The appeal from the purported order dated October 28, 1993, must be dismissed because this document is not an order, but is simply a notice that a foreign order of support was registered. Thus, the paper is not appealable (see, CPLR 5512; Family Ct Act § 1112).

The appellant attempted to vacate the registration of the order of support issued by the District Court in Vienna, Austria, arguing fraud in the procurement of the foreign order of support (see generally, Greschler v Greschler, 51 NY2d 368, 376). Essentially, the appellant argues that his former wife gave false information regarding his financial and physical condition to the District Court in Vienna in the proceeding to determine child support. However, at the hearing to vacate the registration of this foreign order, the appellant admitted that he was notified of the proceeding in Vienna, was represented by counsel throughout that proceeding, and submitted documentary evidence of his financial and physical condition to the Austrian court. Under these circumstances, the appellant has failed to demonstrate the existence of extrinsic fraud in the procurement of the child support order, and the Family Court properly denied his petition to vacate the registration of that order (see, Matter of Fickling v Fickling, 210 AD2d 223). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.