■ In the Matter of ROBIN BEAL, Respondent-Appellant, v JEFFREY BEAL, Appellant-Respondent. [679 NYS2d 656] —In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the father appeals from so much of an order of the Family Court, Nassau County (Diamond, J.), entered June 13, 1997, as denied his objections to an order of the same court (Kahlon, H.E.), dated March 24, 1997, which dismissed his petition for a downward modification of his child support obligations, and the mother cross-appeals from so much of the same order as denied her objections to so much of an order of the same court (Kahlon, H.E.), dated December 24, 1996, as awarded retroactive support only to the date that her petition for support arrears was filed.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the mother's objections to so much of the order of the Hearing Examiner dated December 24, 1996, as awarded retroactive support only to the date on which her petition was filed are sustained, the father's objections to the order of the Hearing Examiner dated March 24, 1997, are sustained, the orders of the Hearing Examiner, insofar as objected to, are vacated, and the matter is remitted to the Family Court, Nassau County, for a recomputation of arrears in accordance herewith, and a determination, on the merits, of the father's petition for downward modification of his child support obligations.

Robin Beal, the mother, commenced this proceeding pursuant to the Uniform Support of Dependents Law (hereinafter USDL) in her State of residence, California (*see,* Cal Code of Civ Pro § 1650 *et seq.*), to enforce the support obligations of Jeffrey Beal, the father, as set forth in a divorce judgment of the Supreme Court, Nassau County, entered December 22, 1989. Thereafter, the California court transferred the proceeding to New York. Although the Hearing Examiner found that

the mother was entitled to child support arrears, in an order dated December 24, 1996, he incorrectly determined that such arrears could be granted retroactively only to the date of her petition. In fact such arrears can be granted retroactively to the date of the judgment of divorce (*see, Matter of Lee v De Haven,* 87 AD2d 576; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 34, at 189).

Following issuance of the Hearing Examiner's order dated December 24, 1996, the father filed a petition for a downward modification of his support obligations. The Hearing Examiner erred in denying his petition on the basis that the Family Court lacked jurisdiction to modify an order issued pursuant to the USDL (*see, Matter of Lee v De Haven, supra*). The Hearing Examiner's reliance on *Matter of Grumbling v Hamilton* (210 AD2d 787) was misplaced since that case involved a father petitioning to reduce his support obligation as previously fixed by a California court with his consent. Although the court in *Matter of Grumbling* did not have jurisdiction to modify a foreign order, the case at bar involves a petition to modify a support obligation initially set by a New York State court and subsequently enforced by the Family Court in a USDL proceeding.

Finally, contrary to the father's contention, the USDL proceeding in this case was not procedurally defective (*see,* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 37, at 207-208). There is no reversible error where a court does not precisely follow the directives of the Domestic Relations Law in USDL proceedings, as long as it largely complies with that statute's requirements (*see, Matter of Williams v Williams,* 133 AD2d 876). Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.