■ In the Matter of ROBIN BEAL, Respondent, v JEFFREY BEAL, Appellant. [679 NYS2d 657] —In a proceeding pursuant to Social Services Law § 111-b, the appeal is from an order of the Family Court, Nassau County (Lawrence, J.), entered December 2, 1997, which denied the father's objections to a determination of the Support Collection Unit dated August 28, 1997, that he was in default of his obligations pursuant to an order of support of the Family Court, Nassau County, dated December 24, 1996, which would result in notification being sent to the New York State Department of Motor Vehicles to suspend his driving privileges.

Ordered that the order is affirmed, with costs.

By order of the Family Court, Nassau County, dated

December 24, 1996 (*see, Matter of Beal v Beal,* 255 AD2d 312 [decided herewith]), the appellant, Jeffrey Beal, was obligated to provide a certain sum of support to his children. On or about June 13, 1997, the appellant received notice that the Support Collection Unit (hereinafter the SCU) would be sending a notice to the New York State Department of Motor Vehicles to suspend his driver's license because of his failure to comply with the order of support. The appellant filed an administrative challenge to this determination. The SCU then requested that he furnish further documentation including execution of a confession of judgment and provide certain financial data. After the appellant's failure to comply with this request, the SCU formally denied his challenge. Pursuant to Social Services Law § 111-b, the appellant then filed objections with the Family Court to the SCU's denial of his challenge. The Family Court affirmed the SCU's determination.

Social Services Law § 111-b (12) (e) (2) (i) and (ii) provides that a support obligor who has received notice that his or her driving privileges shall be suspended may avoid suspension by making satisfactory payment arrangements with the SCU for the payment of the arrears and the current support obligation. Satisfactory payment arrangements means execution of a confession of judgment for the total balance of the arrears and execution of a verified statement of net worth on a form prescribed by the Commissioner of Social Services for the State of New York setting forth the obligor's income from all sources, liquid assets and holdings, copies of the obligor's driver's license, most recent Federal and State tax returns, a representative pay stub, and an 18-month employment history.

In this case, the appellant neither executed a confession of judgment nor did he provide the SCU with the financial data required by the statute. Accordingly, he could not avoid suspension. We note that although the appellant stated to the SCU that an appeal was pending with respect to the order of support, he submitted papers dealing with another appeal regarding visitation.

The appellant's remaining claim is not properly raised on this appeal (*see,* Executive Law § 71; CPLR 1012 [b]; *Matter of Noel v Board of Elections,* 203 AD2d 576). Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.