■ In the Matter of VERONICA WHITE, Respondent, v DUANE GREEN, Appellant. [680 NYS2d 628] —In a proceeding pursuant to Domestic Relations Law former § 37-a to register and enforce a foreign order of child support, the father appeals from (1) an order of the Family Court, Nassau County (Kahlon, H.E.), dated March 14, 1997, which denied his petition to vacate a foreign support order on the grounds of waiver and estoppel, and (2) an order of the same court (Medowar, J.), dated November 3, 1997, which denied his objections to the order dated March 14, 1997.

Ordered that the appeal from the order dated March 14, 1997, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 3, 1997, denying the objections thereto; and it is further,

Ordered that the order dated November 3, 1997, is affirmed, without costs or disbursements.

Domestic Relations Law former § 37-a was intended to facilitate the enforcement of foreign support orders so as to afford them full faith and credit in the courts of sister States (*see, Matter of Grumbling v Hamilton,* 210 AD2d 787). The only defenses that may be raised in a registration proceeding under Domestic Relations Law former § 37-a are those which relate to the validity of the foreign judgment, i.e., lack of jurisdiction or extrinsic fraud (*see, Matter of Fickling v Fickling,* 210 AD2d 223; *Matter of Susan G. v Martin L.,* 186 AD2d 29; *cf., Matter of Wanda C. v Hector C.,* 190 AD2d 583). Inasmuch as the father has not raised a defense attacking the validity of the foreign support order in controversy herein, the Family Court properly denied his objections to the registration and enforcement thereof.

The father's remaining contentions are without merit. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.