■ In the Matter of GINA FORBES, Respondent, v GARVIN NIXON, Appellant. [827 NYS2d 870]—

In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Kings County (McLeod, J.), dated November 17, 2005, which denied the father's objection to a determination of the Support Collection Unit dated July 19, 2005 that he was in default on his obligations pursuant to an order of support of the same court dated November 29, 2004, which would result in notification being sent to the New York State Department of Motor Vehicles to suspend his driving privileges.

Ordered that the order is affirmed, without costs or disbursements.

The appellant received notice pursuant to Social Services Law § 111-b (12) (b) (2) and 18 NYCRR 346.12 (c) that the Support Collection Unit (hereinafter the SCU) would be sending notice to the New York State Department of Motor Vehicles to suspend his driving privileges because of his failure to comply with an order of child support. The appellant filed an administrative challenge to this determination pursuant to Social Services Law § 111-b (12) (d) (1) and 18 NYCRR 346.12 (d) (1), which was denied by the SCU on July 19, 2005. Thereafter, pursuant to Family Court Act § 454 (5), Social Services Law § 111-b (12) (d) (2), and 18 NYCRR 346.12 (d) (2) (i) (c), the appellant filed an objection with the Family Court to the SCU's denial of his challenge. The Family Court denied the objection. We affirm.

The Family Court's power to review the SCU's determination is limited by statute. Specifically, the court's review "shall be based upon the record and submissions of the support obligor and the [SCU] upon which the [SCU]'s denial was made," and the court must deny the objections unless the SCU's determination "is based upon a clearly erroneous determination of fact or error of law" (Family Ct Act § 454 [5]).

In light of the record then before it, the SCU made no "clearly erroneous determination of fact or error of law," and, therefore, we discern no basis to disturb the Family Court's denial of the appellant's objection. Since the appellant contends, based on

documentary evidence not previously submitted to the SCU, that he is entitled to have his driving privileges restored, we note that the proper remedy is not through review pursuant to Family Court Act § 454 (5), but by submitting the new evidence to the SCU pursuant to 18 NYCRR 346.12 (c) (5).

The appellant's remaining contentions are without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.