■ In the Matter of WANDA RYDBERG, Respondent, v JAMES RYDBERG, Appellant. [868 NYS2d 539]—

A support obligor may avoid suspension of driving privileges by "providing to the support collection unit . . . documentation," such as "a verified statement of net worth on a form prescribed by the commissioner setting forth the obligor's income from all sources, liquid assets and holdings, copies of the obligor's drivers license, most recent federal and state tax return, and a representative pay stub, and an eighteen month employment history," which is "sufficient for the support collection unit to determine . . . that the support obligor's income, as defined by [Family Court Act § 413 (1) (b) (5)], falls below the self-support reserve as defined by [Family Court Act § 413 (1) (b) (6)]" (Social Services Law § 111-b [12] [b] [1]; [e] [2] [ii]; [4] [i]). The Family Court's review of the support collection unit's determination is limited to "the record and submissions of the support obligor and the support collection unit," and the court is required to "deny the objections" unless the support collection unit's determination "is based upon a clearly erroneous determination of fact or error of law" (Family Ct Act § 454 [5]; *see Matter of Forbes v Nixon*, 36 AD3d 702 [2007]).

We cannot conclude that the determination of the Suffolk County Department of Social Services Child Support Enforcement Bureau was based on a clearly erroneous determination of fact or error of law. The father failed to carry his burden of submitting sufficient documentation demonstrating that his income falls below the "self-support reserve."

The father's remaining contention is without merit (*see* 22 NYCRR 205.11 [d], [e]). Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.