■ In the Matter of DONALD R. CIRCE, Respondent, v DONNA M. CIRCE, Respondent. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [891 NYS2d 170]—

Mercure, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 1989 and 1992). After the father failed to make court-ordered support payments for a period of five months, the Schenectady County Support Collection Unit (hereinafter SCU) notified him that his driver's license would be suspended based upon his failure to make support payments. The father then filed three petitions against the mother for modification of support and a violation petition naming both the mother and SCU as respondents, alleging that SCU intended to wrongfully suspend his driver's license. Following a hearing, a Support Magistrate dismissed all four petitions but, in light of the father's recent support payment, recommended that SCU refrain from suspending his driver's license as long as he continued making payments.

Thereafter, the father commenced this proceeding, alleging that SCU was garnishing more of his income than directed under the current order of support, and requesting a refund.[1] Upon the consent of the father and the mother, the Support Magistrate issued an amended order of support, modifying the amount to be paid by the father toward arrears, which totaled approximately $82,000. Further, although the record contains no request for such relief in connection with the proceeding on appeal before us, the Support Magistrate directed that SCU was not to impose any administrative orders or any driver's license suspension, and that any suspension currently in effect must be vacated. The Schenectady County Department of Social Services (hereinafter DSS) filed objections to the directives aimed at SCU, which Family Court denied. DSS appeals, arguing that Family Court erred in terminating the suspension of the father's driver's license because the father failed to exhaust his administrative remedies. We agree and therefore now reverse.

Subject to certain exceptions not relevant here, SCU has the authority to enforce child support orders by suspension of a support obligor's driver's license when, among other things, the obligor has accumulated at least four months of arrears (*see*

---

**1.** The father also filed a separate petition alleging that the mother had accepted an overpayment of approximately $80 and seeking a refund. That petition was dismissed.

Social Services Law § 111-b [12]; 18 NYCRR 346.12). Here, there is no dispute that the father received the required notice that his continued refusal to pay support would result in suspension of his driver's license or that he thereafter failed to follow any of the alternative procedures set forth in the regulation or statute for administratively challenging SCU's determination or avoiding suspension of his license (*see* Social Services Law § 111-b [12] [b] [2]; [d], [e]; 18 NYCRR 346.12 [c], [d]; *see also Matter of Rydberg v Rydberg*, 57 AD3d 679 [2008]; *Matter of Forbes v Nixon*, 36 AD3d 702, 702 [2007]; *Matter of Beal v Beal*, 255 AD2d 313, 314 [1998]). Although the father contends—as Family Court evidently determined—that he should not have to "complete[ ] [SCU's] long and extended process" or submit the personal and financial documents required to avoid suspension, we conclude that the statutory scheme requires a support obligor to exhaust administrative remedies prior to seeking court review of SCU's determination to suspend his or her driver's license (*see Matter of Commissioner of Social Servs. of City of N.Y. v Daryl S.*, 235 AD2d 126, 133-134 [1997]).

Indeed, we note that "Family Court's power to review . . . SCU's determination" in this regard "is limited by statute" (*Matter of Forbes v Nixon*, 36 AD3d at 702). While the court may, in its discretion, rescind a *court-imposed* driver's license suspension after payment of arrears (*see* Family Ct Act § 458-a [a]), review of objections to an *SCU determination* to suspend an obligor's driving privileges must follow an administrative challenge, is limited to "the record and submissions of the support obligor and [SCU]," and must be denied unless SCU's determination "is based upon a clearly erroneous determination of fact or error of law" (Family Ct Act § 454 [5]; *accord Matter of Rydberg v Rydberg*, 57 AD3d at 679; *Matter of Forbes v Nixon*, 36 AD3d at 702). Here, inasmuch as petitioner failed to exhaust his administrative remedies or make any administrative record upon which SCU's determination could be reviewed, Family Court lacked the authority to revoke SCU's suspension of his driver's license or to direct that SCU impose no further administrative orders absent court order (*see* Family Ct Act § 458-a [a], [d]).[2]

---

**2.** The father concedes that, absent an agreement by SCU not to suspend an obligor's license, Family Court is without authority to preclude SCU from directing the Department of Motor Vehicles to suspend the father's license (*see* Family Ct Act § 458-a [d]). Although the father argues that SCU so agreed herein when the Support Magistrate recommended that SCU refrain from suspending the father's license, the record reflects no such agreement or consent by SCU.

The father's remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that (1) no further administrative orders are to be imposed absent court order, (2) a driver's license suspension is not to be imposed, and (3) any driver's license suspension currently in effect is to be vacated, and, as so modified, affirmed.