*876 In an order dated April 24, 2007 (hereinafter the Canadian order), the Superior Court of Justice of the Province of Ontario, Canada, awarded the mother child support, and directed that any unpaid child support obligation was to accrue interest at the rate of 6% per annum. The father failed to pay his child support obligation from April 13, 2010, to June 13, 2011, in the principal sum of $16,642.15, and the mother petitioned the Family Court, Rockland County, inter alia, to enforce the Canadian order. Although the Family Court directed the father to pay that principal sum, it declined to include an award of interest on that sum. Contrary to the Family Court’s conclusion, the award of child support arrears should have included an award of interest at the rate of 6% per annum.
Under the Uniform Interstate Family Support Act (hereinafter the UIFSA), which New York adopted as article 5-B of the Family Court Act (see Matter of Spencer v Spencer, 10 NY3d 60, 65 [2008]), a state may not modify an issuing state’s order of child support unless the issuing state has lost continuing, exclusive jurisdiction, or the parties consent to a modification (see id. at 66; see also Matter of Batesole-Harmer v Batesole, 28 AD3d 551, 551 [2006]). Although the UIFSA does not expressly apply to the Canadian order, since Ontario is not a “state” *877 within the meaning of that statute (see Family Ct Act § 580-101 [19]), the equitable principles embodied therein, as well as traditional common-law principles of comity, require New York courts to enforce the terms of a child support order or judgment entered in the courts of a foreign nation, “absent some showing of fraud in the procurement of the judgment or that recognition of the judgment would do violence to some strong public policy of this State” (Matter of Fickling v Fickling, 210 AD2d 223, 223-224 [1994]; see Matter of Hiebaum v Hiebaum, 233 AD2d 397, 398 [1996]).
Upon reargument, the Family Court, in effect, adhered to its prior determination denying the mother’s objection to the determination of a support magistrate denying that branch of the petition which was for an award of interest at the rate of 6% per annum on unpaid child support arrears that had accrued over the period from April 13, 2010, to June 13, 2011, in the principal sum of $16,642.15. In doing so, the Family Court, in effect, improperly modified the Canadian order, notwithstanding the facts that the courts of Ontario have not lost continuing, exclusive jurisdiction over the matter, the parties did not consent to the modification, and there was no showing that the Canadian order was procured by fraud or that recognition of that order would do violence to some strong public policy of New York. Since the mother’s request for an award of interest at the rate of 6% per annum on these arrears should have been granted, the arrears in the amount of $16,642.15 that were awarded by the Family Court must bear interest at a rate of 6% per annum, as directed in the Canadian order.
The mother’s remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.