Leon R. Koziol, Individually and as Parent of Child A and Another, Appellant, v State of New York et al., Respondents, et al., Defendants. [966 NYS2d 598]—

Per Curiam. Appeal from an order of the Supreme Court (McNamara, J.), entered March 12, 2012 in Albany County, which, among other things, granted a cross motion by defendants State of New York, Commissioner of Taxation and Finance, Deputy Commissioner of Taxation and Finance, Donna Costello and Charlotte Kiehle for summary judgment dismissing the complaint.

Plaintiff, who has been engaged in a protracted battle with his ex-wife over issues of child custody and support (*see e.g. Matter of Koziol v Hood*, 92 AD3d 1161, 1161-1162 [2012], *appeal dismissed* 19 NY3d 886 [2012]), owed $52,956.73 in child support arrears by August 2010. Those arrearages were then duly referred to the Department of Taxation and Finance for collection because they exceeded the amount of support due for a period of four months (*see* Social Services Law § 111-b [15] [b] [1]; Tax Law § 171-i). The Department was, as a result, "deemed to have obtained a judgment against [plaintiff] for the full amount of the support arrears . . . and any subsequent arrears which may become due" (Tax Law § 171-i [4]). The Department

duly notified plaintiff that the matter had been referred to it for collection, that enforcement actions could be taken against him without further notice, and that his assets could be seized "regardless of any payment plan . . . [he] may have in effect until the arrears balance is paid in full or the controlling County Support Collection Unit suspends such enforcement."

The same day that the Department notified plaintiff of its involvement, plaintiff entered into an agreement with his ex-wife to remit $10,000 to the Oneida County Support Collection Unit and make ongoing monthly support and arrearage payments. Pursuant to that agreement, Supreme Court (Daley, J.) later issued a new support order upon consent. Plaintiff made the initial $10,000 payment, but the Department then docketed a warrant against him for the remaining $42,956.73 in support arrears and notified him in writing that the warrant was the equivalent of a money judgment against him that would be immediately enforced by all means available to the Department, including the seizure and sale of his motor vehicles and other personal property. Despite that warning, plaintiff made no effort to contact any of the involved agencies to challenge the issuance of the warrant or prevent its enforcement. One month later, the Department seized two automobiles—a Jaguar and a Corvette—from plaintiff's residence and sold them at auction.

Plaintiff then commenced this action against the State of New York, the Commissioner and Deputy Commissioner of Taxation and Finance, and certain other employees of the Department, as well as, among others, the County of Oneida and the Town of New Hartford, seeking, among other things, declaratory and injunctive relief related to the issuance of the tax warrant and seizure of his vehicles. When the State defendants cross-moved for summary judgment dismissing the complaint against them, Supreme Court (McNamara, J.) searched the record and granted summary judgment to all defendants (*see* CPLR 3212 [b]), prompting this appeal by plaintiff.

Contrary to plaintiff's contention, Supreme Court properly determined that his claims are barred by his failure to administratively challenge either the referral of his support case to the Department or its subsequent issuance of a tax warrant (*see* Social Services Law §§ 111-b [15], [16]; 111-h [19] [1]; Tax Law § 171-i [7]; *Matter of Cavalieri v Commissioner of State of N.Y. Dept. of Taxation & Fin.*, 250 AD2d 973, 975 [1998]; *Matter of Between the Bread II v Urbach*, 234 AD2d 724, 724 [1996]; *see also Matter of Circe v Circe*, 68 AD3d 1194, 1196 [2009]). Plaintiff's remaining contentions have been examined and found to be without merit.

Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.