Matter of Harry v Singh (2021 NY Slip Op 01976)





Matter of Harry v Singh


2021 NY Slip Op 01976


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04794
 (Docket No. F-11155-17/17A)

[*1]In the Matter of Brooke Harry, appellant,
v
Shirley Singh, respondent.


Gonzalez Legal Assoc. PLLC, White Plains, NY (Carlos Gonzalez of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Anna W. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the petitioner appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated March 7, 2019. The order denied the petitioner's objections to an order of the same court (Jameelah Hayes, S.M.) dated October 9, 2018, which, after a hearing, dismissed his petition to vacate the registration of a foreign child support order.
ORDERED that the order dated March 7, 2019, is affirmed, without costs or disbursements.
The petitioner father commenced a child custody proceeding in the Ontario Court of Justice of the Nation of Canada. In that proceeding, the Ontario court issued an order dated August 15, 2006, which, among other things, awarded custody of the three subject children to the maternal grandparents and directed the father to pay a specified amount of child support (hereinafter the Ontario support order). The Ontario support order was registered in the Family Court, Queens County, pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), on or about June 2, 2017.
The father commenced this proceeding in the Family Court to vacate the registration of the Ontario support order. After a hearing before a Support Magistrate, in an order dated October 9, 2018, the Support Magistrate found that the father failed to establish any defense that would contest the validity or registration of the Ontario support order, and, in effect, confirmed the Ontario support order and dismissed the petition. The father filed objections to the Support Magistrate's order, and in an order dated March 7, 2019, the Family Court denied the objections. The father appeals.
A party seeking to vacate the registration of a registered foreign support order has the burden of proving one or more of certain enumerated defenses (see Family Ct Act § 580-607[a]). If the contesting party does not establish one of the enumerated defenses, the court is required by statute to confirm the registered foreign support order (see id. § 580-607[c]). Here, the father failed to establish any of the enumerated defenses. Accordingly, the Family Court properly denied his [*2]objections to the Support Magistrate's order (see Matter of Barclay v Hutchinson, 129 AD3d 953; Matter of Gadman v Malone, 73 AD3d 771, 771; Matter of Barros v Vila, 271 AD2d 711, 713).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court