Matter of Singh v Harry (2026 NY Slip Op 00782)

Matter of Singh v Harry

2026 NY Slip Op 00782

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-07310
 (Docket No. F-11155-17/22B)

[*1]In the Matter of Shirley Singh, respondent,
vBrooke Harry, appellant.

Robert G. Leino, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Philip W. Young and Jonathan A. Popolow of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, Brooke Harry appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated June 28, 2024. The order denied his objections to an amended order of the same court (Jameelah Hayes, S.M.) dated April 26, 2024, which, after a hearing, denied his motion to vacate the registration of a foreign child support order.
ORDERED that the order dated June 28, 2024, is affirmed, without costs or disbursements.
Brooke Harry (hereinafter the appellant) commenced a child custody proceeding in Canada in the Ontario Court of Justice (hereinafter the Ontario court). In that proceeding, the Ontario court issued a temporary order dated August 15, 2006, which, inter alia, awarded custody of the appellant's children to the children's maternal grandparents and directed the appellant to pay a specified amount of child support (hereinafter the Ontario temporary support order). The Ontario temporary support order was registered in the Family Court, Queens County, pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B) on or about June 2, 2017. The appellant subsequently commenced a proceeding (hereinafter the prior proceeding) to vacate the registration of the Ontario temporary support order. The prior proceeding ultimately was dismissed in an order by a Support Magistrate upon a finding that the appellant failed to establish any defense that would contest the validity or registration of the Ontario temporary support order. The appellant filed objections to the Support Magistrate's order, including that the Ontario court lacked personal jurisdiction over him. His objections were denied, and this Court, in a decision and order dated March 31, 2021, affirmed the denial of those objections (see Matter of Harry v Singh, 192 AD3d 1106).
Meanwhile, the Ontario court issued an amended final order, dated July 3, 2007, among other things, directing the appellant to pay the specified amount of child support (hereinafter the Ontario final support order). The Ontario final support order was registered in the Family Court, Queens County, on or about August 22, 2022. The maternal grandmother commenced this proceeding to enforce the Ontario final order of support, and the appellant moved to vacate the registration of the Ontario final order of support. In an amended order dated April 26, 2024, the [*2]Support Magistrate denied the appellant's motion. The appellant filed objections to the Support Magistrate's order, and, in an order dated June 28, 2024, the Family Court denied the objections. This appeal ensued.
A party seeking to vacate the registration of a registered foreign support order has the burden of proving one or more of certain enumerated defenses (see Family Ct Act § 580-607[a]). If the contesting party does not establish one of the enumerated defenses, the court is required by statute to confirm the registered foreign support order (see id. § 580-607[c]).
Here, the appellant's contention that the Ontario court lacked personal jurisdiction over him was raised in the prior proceeding in his objections to the order denying his petition to vacate the registration of the Ontario temporary order of support. Since this Court previously resolved that issue on the merits and against the appellant, the doctrine of the law of the case forecloses re-examination of that issue (see Matter of Norton v Town of Islip, 167 AD3d 624, 626; Matter of Chung Li, 165 AD3d 1105, 1106). The appellant failed to establish any of the other enumerated defenses to the registration of the Ontario final order of support. Accordingly, the Family Court properly denied the appellant's objections to the Support Magistrate's order (see Matter of Harry v Singh, 192 AD3d at 1107; Matter of Barclay v Hutchinson, 129 AD3d 953).
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court