Matter of Alvarez v Rubiera
2026 NY Slip Op 03958
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Winston R. Sanabia Alvarez, respondent,
v
Leiny M. Jaquez Rubiera, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-09591, (Docket Nos. F-4997-24/24A, F-4997-24/24B)
Cheryl E. Chambers, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Leiny M. Jaquez Rubiera, Port Saint Lucie, Florida, appellant pro se.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the mother appeals from an order of the Family Court, Westchester County (Arlene Gordon-Oliver, J.), dated January 21, 2025. The order denied the mother's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated September 11, 2024, which, after a hearing, granted the father's petition to vacate the registration of a foreign judgment of divorce, inter alia, directing the father to pay child support, and dismissed, as academic, the mother's petition for arrears and an upward modification of the father's child support obligation.
ORDERED that the order dated January 21, 2025, is reversed, on the law, without costs or disbursements, the mother's objections to the order dated September 11, 2024, are granted, the order dated September 11, 2024, is vacated, the father's petition to vacate the registration of the foreign judgment of divorce is denied, the registration of the foreign judgment of divorce is confirmed, and the matter is remitted to the Family Court, Westchester County, for a determination on the merits of the mother's petition for arrears and upward modification of the father's child support obligation.
The parties have one child in common. In July 2016, the parties were divorced by a judgment of divorce issued by a court in the Dominican Republic. The judgment of divorce, inter alia, directed the father to make monthly child support payments to the mother. In November 2021, the court in the Dominican Republic issued an order that required the father to make payments to the mother for unpaid support arrears that accrued from August 2021 to November 2021 (hereinafter the November 2021 order). Thereafter, the mother and the child moved to the United States, and the mother registered the judgment of divorce for enforcement in the State of Florida. In June 2024, the mother registered the judgment of divorce in the Family Court, Westchester County, pursuant to Family Court Act article 5-B and petitioned for arrears and an upward modification of the father's child support obligation. The father petitioned to vacate the registration of the judgment of divorce. In an order dated September 11, 2024, the Support Magistrate granted the father's petition and dismissed, as academic, the mother's petition. The mother filed objections to the Support Magistrate's order, and in an order dated January 21, 2025, the Family Court denied the mother's objections. The mother appeals.
New York adopted the Uniform Interstate Family Support Act (UIFSA) as article 5-B of the Family Court Act (see Matter of Rotem v Mancini, 227 AD3d 1081, 1082; Matter of Jasen v Karassik, 101 AD3d 874, 876). "Under the UIFSA, '[a] support order or income withholding order [*2]issued in another state or a foreign support order may be registered in this state for enforcement'" (Matter of Rotem v Mancini, 227 AD3d at 1082, quoting Family Ct Act § 580-601). A foreign support order means "a support order of a foreign tribunal" (Family Ct Act § 580-102[6]; see Matter of Rotem v Mancini, 227 AD3d at 1082), which is "a court, administrative agency or quasi-judicial entity of a foreign country which is authorized to establish, enforce or modify support orders, or to determine parentage of a child" (Family Ct Act § 580-102[7]; see Matter of Rotem v Mancini, 227 AD3d at 1082). A foreign country includes a country "which has been declared under the law of the United States to be a foreign reciprocating country" (Family Ct Act § 580-102[5][i]), which includes the Dominican Republic (see U.S. Dept of Health & Human Servs, Off of Child Support Enforcement, https://acf.gov/css/partners/international#list-of-countries [last accessed May 18, 2026]).
"A party contesting the validity or enforcement of a registered support order or seeking to vacate the registration has the burden of proving one or more of" eight enumerated defenses (Family Ct Act § 580-607[a]; see Matter of Rotem v Mancini, 227 AD3d at 1082; Matter of Harry v Singh, 192 AD3d 1106, 1107). As relevant, these defenses include that "the order has been . . . modified by a later order" (Family Ct Act § 580-607[a][3]), that "full or partial payment has been made" (id. § 580-607[a][6]), or that "the alleged controlling order is not the controlling order" (id. § 580-607[a][8]). If the contesting party does not establish one of the enumerated defenses, the court is required by statute to confirm the registered foreign support order (see id. § 580-607[c]).
Here, the father failed to establish enumerated defenses pursuant to Family Court Act § 580-607(a)(3), (6), and (8). Although the November 2021 order was issued after the judgment of divorce, the father failed to establish that the judgment of divorce was "modified by a later order" or that it was "not the controlling order" with respect to his ongoing child support obligation. Moreover, the mother does not contest that the father satisfied the payment of arrears as ordered in the November 2021 order, and the payment of those arrears does not affect the registration of the judgment of divorce, which provided for the father's ongoing child support obligation. Because the father failed to establish a defense to the registration of the judgment of divorce, we confirm the registration (see id. § 580-607[c]).
Accordingly, we grant the mother's objections to the Support Magistrate's order, deny the father's petition to vacate the registration of the judgment of divorce, confirm the registration of the judgment of divorce, and remit the matter to the Family Court, Westchester County, for a determination on the merits of the mother's petition for arrears and an upward modification of the father's child support obligation.
The mother's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court