STOKES, ROBERT, Associate Judge.
This is an appeal from an Order modifying final judgment of divorce by vacating all alimony payments that had been held in abeyance or suspended under previous orders, reducing future alimony payments by $250.00 per month, terminating child support for Earl Wilkison, Jr., and denying attorney’s fees. It is the contention of appellant that the chancellor abused his discretion and acted in disregard of established principals of law in rendering the order appealed.
From the record it appears that appellant and appellee were divorced on January 14, 1970, at which time it was agreed and ordered that appellee would pay $600 per month child support ($150 for each of four children) ; $900 per month alimony until such time as appellee had sold their home and paid appellant $59,600 of the proceeds at which time the alimony would increase to $1,200 per month; and college educational expenses of the children. Appellee had a heart attack in May of 1971 and the court lowered the alimony payments to $600 per month for a year beginning September 5, 1971. On December 27, 1972, the court entered an order allowing appel-lee to continue the $600 per month payment. On September 18, 1973, the lower court entered an order which allowed ap-pellee to pay $600 per month and stated that the order of December 27, 1972, could *465 not be held retroactive as to the three months between September 1972 and December 1972. None of these orders relieved appellee of his obligations under the original judgment.
On February 5, 1974, the lower court entered an order modifying the final judgment and entered an order which held that alimony payments held in abeyance under previous orders of the court are vacated; that appellee was to pay $950 per month alimony beginning in February 1974; and that child support payments for Earl Wilk-ison, Jr. be terminated.
It would serve no useful purpose for this Court to try to analyze all the various facets of evidence gone into by the parties. To do so would, in the long run, amount to nothing more or less than second guessing the able trial Judge, which we do not choose to do. The evidence clearly reflects the material change in appellee’s financial and physical condition, justifying a modification of the agreement entered into. However, it appears from the record that the court on September 7, 1971, after hearing testimony and evidence reduced alimony payments by $300 per month for a period of one year, with this reduction ending with the August 1972 payment, with the obvious intent that the alimony payments would automatically be increased to the original amount which appellee failed to pay. Approximately three (3) months later on November 13, 1972, appellee filed an application for a decrease in alimony payments. We agree with appellant that no testimony or evidence was presented or heard by the Court on the issue at that time, and that no new pleadings were filed.
The chancellor was without jurisdiction to summarily modify the alimony which would have automatically returned to the original amount where no further pleadings had been filed directed to the modification. The appellant would therefore be entitled to three (3) months of alimony at the original amount prior to the application on November 13, 1972.
It is our conclusion, and we so hold that the evidence in this case amply supports the portion of the modification order appealed herein with the exception of the three (3) months period of time, and in this respect the order appealed is reversed and the cause remanded with directions that the amended order be entered consistent with the holding and views herein expressed.
BOYER, Acting C. J., and JOHNSON, J., concur.