DAUKSCH, Judge.
This is an appeal from an order modifying a final judgment in a marriage dissolution case. The principal point on appeal involves the reduction of alimony and child support. Because the husband did not seek a reduction in the rehabilitative alimony payments, see Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982); Wilkison v. Wilkison, 317 So.2d 464 (Fla. 1st DCA 1975), and because those payments were agreed to as a part of the original settlement agreement which were part of an entire bargain, see Stebbins v. Stebbins, 435 So.2d 383 (Fla. 5th DCA 1983); Muss v. Muss, 390 So.2d 415 (Fla. 3d DCA 1980); Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980), petition den., 392 So.2d 1381 (Fla.1980), the trial court erred in reducing them.
The wife also appeals the reduction in child support. Inherent in a court’s authority is the authority to modify child support — regardless of any agreement between the parties so long as the modification is requested and supported by the evidence. § 61.14, Fla.Stat. (1983); Lewis v. Lewis, 450 So.2d 1123 (Fla. 2d DCA 1983), review den., 451 So.2d 849 (Fla.1984); Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981) dismissed without opinion, 402 So.2d 609 (Fla.1981). The evidence here shows the husband’s ability to pay child support had diminished and he was deservant of a reduction. The wife urges the trial court could not legally find him guilty of contempt for failing to pay in the past and also find him unable to pay in the future. That is not an inconsistent nor is it an illogical finding. We affirm the reduction, just as we affirm the refusal of the judge to make the reduction retroactive, which retroactive application was sought by husband.
AFFIRMED in part; REVERSED in part.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.