570 So.2d 402 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Etc., Appellant,
v.
Dean P. MORLEY, Jr., Appellee.
No. 90-475.
District Court of Appeal of Florida, Fifth District.
November 21, 1990.
Charles L. Carlton and Harold E. Barker of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance for appellee.
*403 GOSHORN, Judge.
On behalf of Beverly J. Morley, the Department of Health and Rehabilitative Services (HRS) appeals an order determining that the support owed by Dean P. Morley, Jr. to the two minor children born of his marriage to Beverly was validly terminated by a final judgment of dissolution and that there presently exists no court order establishing the duty of Dean to support his children. We affirm.
This appeal stems from the seemingly conflicting positions taken by Beverly in two separate suits filed in the Marion County Circuit Court. On April 2, 1987 Beverly filed a URESA[1] complaint in the Marion County Circuit Court seeking support for Beverly and Dean's two minor children. On May 14, 1987 an order was entered in response to the URESA complaint requiring Dean to pay support of $25 per week per child until further court order. On October 20, 1987, Beverly and Dean filed a petition for dissolution of marriage,[2] which included a marital settlement agreement, dated May 8, 1987, providing, inter alia:
1. That shared parental responsibility would not be in the best interests of the minor children of the marriage, to wit: DEAN PHILLIP MORLEY, III, born May 5, 1980, and CHRISTINE LEE MORLEY, born June 23, 1981, and that the Respondent (Wife) is a fit and proper person to have the sole custody, control, and parental authority with respect to said children.
2. The parties agree that the best interests of the children will be served by the Petitioner (Husband) relinquishing all parental rights and exercising no visitation privileges with respect to said children, and both parties so agree to act.
3. Respondent (Wife) states that she has sufficient means with which to provide for the support, maintenance, medical and dental expenses, and all other costs of upbringing of the said children, and seeks no child support nor other assistance from the Petitioner (Husband).
On November 10, 1987, a final judgment of dissolution of Beverly and Dean's marriage was rendered. The final judgment provided in part:
B. That the Respondent (Wife) is hereby awarded the permanent sole care, custody and control of the above-referenced minor children of the marriage; and
C. That the Petitioner's (Husband's) parental rights and obligations with respect to the said children are hereby severed; and
D. The Marital Settlement Agreement entered into by the parties and submitted as a part of this action is hereby incorporated as a part of this Judgment, and the parties directed to comply with all the terms and conditions thereof.
* * * * * *
F. That the Court retains jurisdiction in this matter to grant such other relief as it may deem appropriate in the future.
This judgment was not appealed.
On September 22, 1989, HRS filed, in the URESA action, a motion for order of contempt, citing Dean's failure to make payments under the May 14, 1987 court order. Following a full hearing and being apprised of both the URESA action and dissolution, the court found Dean in contempt for failure to make his child support payments between May 14, 1987, the date of the order for support, and November 10, 1987, the date of the final judgment of dissolution. The court found that the May 14, 1987 order was terminated by the final judgment of dissolution of marriage and that there presently existed no court ordered support obligation. It is from that order that this appeal ensues.
On appeal, HRS urges that the final judgment of dissolution is void insofar as it permanently relieves Dean of any ongoing support obligation regardless of *404 any demonstrated need of support. We agree with HRS that parents may not contract away the rights of their children to support. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Robinson v. State, Department of Health and Rehabilitative Services, 473 So.2d 228 (Fla. 5th DCA), dismissed, 478 So.2d 53 (Fla. 1985); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). Such contracts, contrary to public policy, are void and unenforceable. Wechsler v. Novak, 26 So.2d 884 (Fla. 1946); Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967). But does the incorporation of a void agreement into a final judgment likewise render the final judgment void? The answer is no. In the case sub judice, the final judgment of dissolution incorporating the settlement agreement was itself voidable, though not void, under the general rule that if a court has jurisdiction over the person and the subject matter, an error in the judgment does not make the judgment void, but rather reversible on appeal. Quigley v. Cremin, 94 Fla. 104, 113 So. 892 (1927); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Day v. Hurchman, 65 Fla. 186, 61 So. 445 (1913).
As noted, the final judgment of dissolution was not appealed. Because the identical issue (support) was litigated between the identical parties (Dean and Beverly) before two judges of the same court (Circuit Court in and for Marion County, Florida), and the final judgment of dissolution was issued later in time than the URESA order, the final judgment of dissolution, albeit voidable, remains nonetheless presumptively valid and binding on the litigants. Garden Suburbs Golf and Country Club, Inc. v. Murrell, 180 F.2d 435 (5th Cir.1950), cert. denied, 340 U.S. 822, 71 S.Ct. 54, 95 L.Ed. 603 (1950). On this basis we affirm the trial court. But having so held, we further note that an order of child support is always subject to modification upon a showing of changed circumstances. Department of Health and Rehabilitative Services v. Walker, 411 So.2d 347 (Fla. 2d DCA 1982). Indeed, no contract or order can divest a court of its authority to modify child support. Norwood v. Norwood, 466 So.2d 5 (Fla. 5th DCA 1985). Therefore, our holding is without prejudice to the parties to file a petition for modification of the final judgment of dissolution of marriage.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Uniform Reciprocal Enforcement of Support Act, Ch. 88, Fla. Stat. (1989).
[2] The URESA and dissolution actions were litigated before different judges, each of whom was apparently unaware of the proceedings before the other. The parties failed to advise either judge of the other separate proceeding.