581 So.2d 202 (1991)
Jeffrey Deane FLEMING, Appellant,
v.
Rachelle Elaine BROWN, Appellee.
No. 89-2298.
District Court of Appeal of Florida, Fifth District.
May 30, 1991.
Robert L. Valentine, Lakeland, for appellant.
Daniel M. Lewan of Law Offices of James Martin Brown, Brooksville, for appellee.
PETERSON, Judge.
Jeffrey Deane Fleming appeals the denial of his petition for relief from a post-judgment order purporting to "finally, fully, and forever extinguish and sever" his parental rights to his four-year-old son. We reverse.
On July 21, 1984, a final judgment of dissolution of marriage was entered, giving primary physical custody to Rachelle Elaine Fleming, the mother of the child, but with shared parental responsibility. On March 22, 1988, a hearing was held on Rachelle's petition for contempt for failure to pay child support. Jeffrey appeared pro se, and the parties entered into a stipulation providing that Jeffrey relinquished, surrendered, and waived all of his parental rights in return for Rachelle's waiver of entitlement to all past, present, and future child support. An order was entered on April 19, 1988, reflecting this stipulation.
On December 13, 1988, Jeffrey filed a petition to set aside the order extinguishing his parental rights. While his petition is silent as to the rule under which Jeffrey was proceeding, we assume it was rule 1.540, Florida Rules of Civil Procedure. The petition was amended on May 9, 1989, after the initial petition was met with a barrage of defense motions. The trial court then dismissed the amended petition *203 upon finding that none of Jeffrey's allegations were cognizable under rule 1.530, Florida Rules of Civil Procedure (we also assume that the trial court meant rule 1.540) and that none of the procedures outlined in section 39.46, Florida Statutes (1987), were applicable to consensual termination of parental rights. We disagree with both of the trial court's conclusions.
In Department of Health and Rehabilitative Services v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990), this court restated the principle of law that parents may not contract away their children's rights to support. If such contracts were recognized as valid, consider the disastrous results to the child and the drain on funds of the State of Florida in the event the parent who released the other parent's support obligation later became unable to support the child. Neither in Morley nor in the instant case were the rights of the child or the state considered in the agreement between the parents. Both Morley and the instant case are similar in that they involve obligations and rights as between the parents. They are dissimilar in that the dispute in Morley centered on the father's payment of child support to the mother, and in the instant case the dispute centers on the father's parental rights.
Sixty-seven years ago, the Florida Supreme Court stated:
The Florida laws give to parents the right to part with the custody of children by apprenticeship, adoption, and guardianship. The existence of these statutes, and the several specific requirements essential to the validity of such abandonment, seems to indicate that by these methods only can a parent relieve himself of his obligation to support, educate, maintain, and nurture his minor children and his correlative right to their custody.
State ex rel. Airston v. Bollinger, 88 Fla. 123, 127-28, 101 So. 282, 283-84 (Fla. 1924).
Section 39.46(1), Florida Statutes (1989), provides:
All procedures, including petitions, pleadings, subpoenas, summonses, and hearings, in termination of parental rights proceedings, shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law.
The only other provision in the law we have found that terminates parental rights is by adoption under chapter 63, Florida Statutes (1989). Since the safeguards of neither chapter 39 nor 63 were invoked in attempting to sever the parent/child relationship in the instant case, we hold that the April 19, 1988, order is void insofar as it attempts to sever the parental rights. Since none of the statutory provisions of chapter 39 or chapter 63 were invoked, the court lacked jurisdiction to order severance.
Jeffrey chose the proper vehicle of rule 1.540 to obtain relief from the void order since subsection (b)(4) specifically recognizes that relief may be obtained from a void judgment or decree.
Order VACATED.
DAUKSCH, J., and FOWLER, R.J., Associate Judge, concur.