666 So.2d 1028 (1996)
Nicholas CASBAR and Kathleen E. Dicanio, n/k/A Kathleen Sabol, Appellants,
v.
Thomas V. DICANIO, Appellee.
Nos. 95-1470, 95-1471.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*1029 Colin C. Cushnie of Colin C. Cushnie, P.A., Port St. Lucie, for appellants.
Karen O'Brien Steger of Steger & Steger, P.A., Stuart, for appellee.
HENNING, PATTI ENGLANDER, Associate Judge.
These consolidated appeals seek review of the trial court's granting with prejudice Thomas V. DiCanio's Motion to Dismiss Petition for Paternity and Child Support and denying Kathleen Sabol's Motion to Set Aside Final Order Terminating Parental Rights. For the reasons set forth below, we reverse.
Kathleen Sabol and Thomas DiCanio were married on February 12, 1988. On February 1, 1993, Kathleen Sabol filed a Petition for Dissolution of Marriage. On June 18, 1993, the parties entered into a marital settlement agreement which was incorporated into their Final Judgment of Dissolution of Marriage on June 29, 1993. Paragraph 24 of the Settlement Agreement specifically provided that:
24. RESPONSIBILITY FOR MINOR CHILD. The husband waives all rights to the child that the wife is now pregnant with and will sign any documents necessary releasing said rights. The parties hereby stipulate that an order terminating parental rights shall be entered at the time of the entry of the Final Judgment for Dissolution of Marriage.
On June 29, 1993, the trial court entered a separate Final Order Terminating the Parental Rights of Thomas DiCanio.
Nicholas Casbar was born on October 26, 1993. He was conceived in January of 1993 during the marriage, but born after the dissolution of marriage. The minor child filed a petition to determine paternity and child responsibility on October 3, 1994 which was dismissed by the trial court because of the prior order entered on June 29, 1993 terminating Thomas DiCanio's rights. Kathleen Sabol's October 15, 1994 Motion to Set Aside the Order Terminating Parental Rights was denied by the trial court on March 31, 1995, and these appeals ensued.
The issue presented to the Court by the parties was whether a minor child has the right to seek support from its presumed father notwithstanding the entry of a final order terminating the presumed father's parental rights entered separately but as part of its parents' underlying divorce action. Restated, quite simply, the issue is whether parties may contract away the rights of a minor child to seek support. Quite simply, the answer is no.
In Florida, there are only two means by which a parent's rights may be terminated: one is through adoption pursuant to Florida Statutes Chapter 63 and the other is through the strict procedures set forth in Florida Statutes Chapter 39, specifically sections 39.46 through 39.469. Fleming v. Brown, 581 So.2d 202 (Fla. 5th DCA 1991). Since the safeguards of neither chapter were invoked when the parties attempted to sever the father/child relationship in the instant case, the lower court was without jurisdiction to act. Accordingly, its order granting termination of parental rights is void.
Because that order is void, the minor child, Nicholas Casbar, has the right to petition for paternity and child support. Florida law is clear that a child conceived during the marriage but born after its dissolution is legitimate. Ex parte Hayes, 25 Fla. 279, 6 So. 64 (Fla. 1889). Indeed, the presumption of that legitimacy is one of the strongest rebuttable presumptions known to the law. Smith v. Wise, 234 So.2d 145 (Fla. 3d DCA), cert. denied, 238 So.2d 422 (Fla. 1970); Dennis v. Department of Health & Rehabilitative Serv., 566 So.2d 1374 (Fla. 5th DCA 1990).
*1030 The law is equally clear that parents may not contract away the rights of their children to support. Department of Health & Rehabilitative Serv. v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990); Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (Fla. 1946); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). Such contracts are void and unenforceable as contrary to public policy. Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967).
As our sister court noted in Fleming v. Brown, "if such contracts were recognized as valid, consider the disastrous results to the child and the drain on funds of the State of Florida in the event the parent who released the other parent's support obligation later became unable to support the child." 581 So.2d at 203. Consider too the potentially disastrous effect on a child's life if the parties considered only their own personal agendas when making their agreement of non-support without any consideration for or representation of the needs of the child both at the time of the contract and in the future.
Inasmuch as the order terminating parental rights is void, and the agreement to that effect between Kathleen and Thomas is unenforceable, this case must be reversed and remanded to the trial court with directions to set aside the Final Order Terminating Parental Rights and to reinstate Nicholas Casbar's Petition for Paternity and Child Support.
Upon remand the trial court should determine Appellant's entitlement to attorney's fees and if appropriate the amount of any such fees pursuant to Florida Statutes Sections 742.031 and 61.16. Yon v. Fleming, 595 So.2d 573 (Fla. 4th DCA 1992).
REVERSED and REMANDED.
GUNTHER, C.J., and SHAHOOD, J., concur.