FALVEY, C. A., Associate Judge.
Heather Morcroft, guardian ad litem of the minor children, M.J. and C.J., appeals two orders entered on July 11, 2005 in a dependency action. The first order continued the adjudication of dependency against the custodian of the children, A.J.[1] The second order denied Morcroft’s motion to set aside the case plan, join the petition and amend the petition.[2] The second order also dismissed the shelter and dependency petition Morcroft filed against the mother of the children, R.S. We affirm.
The facts of the case are not in material dispute. Sometime in 2003, the mother, a Haitian citizen, sent her children to live with the custodian in the United States.[3] *53 The father of the children died in 1998. In January 2005, the Department of Children and Family Services (DCF) took the children into custody and filed a shelter petition after receiving a report that M.J. had bruises on her arm. The mother did not receive formal notice of the petition, which noted her location in Haiti but listed her address as unknown.
The trial court found probable cause to shelter the children and placed them in a foster home. In early February 2005, DCF filed a Petition for Adjudication of Dependency against the custodian. After an arraignment hearing, DCF and the custodian entered into a case plan with a goal of reunification.[4] The predecessor guardian ad litem, Robert Dietz, agreed to the case plan. In April 2005, the trial court accepted the case plan and entered an order adjudicating M.J. and C.J. dependent.
In May of 2005, Morcroft replaced Dietz as the guardian ad litem for the children. Subsequently, in June 2005, she filed a motion to set aside the case plan, join the petition and amend the petition arguing that the mother was not joined as a party to the original petition and attacking A.J.’s status as a legal custodian. Additionally, Morcroft filed a petition for dependency and a shelter petition against the mother.
On July 11, 2005, the trial court denied Moreroft’s motion and her petition for dependency and shelter[5] during a hearing at which the mother’s attorney appeared and requested that the children be returned to the custodian. This appeal ensued.
In the first issue on appeal, Mor-croft essentially argues that the trial court lacked jurisdiction to enter an order of adjudication of dependency because the mother was not properly notified and joined as a party to the proceedings. Her argument is based upon the provisions of section 39.01(49)-(51), Florida Statutes (2005), and Florida Rule of Juvenile Procedure 8.210, which define “parent,” “participant,” and “party,” and the provisions of sections 39.501 and 39.502, Florida Statutes (2005). She also argues the record lacks sufficient proof of the custodian’s legal status.
Morcroft’s jurisdictional challenge is misplaced. While based upon the record Morcroft is correct that the mother’s parental rights remain intact,[6] the trial court had jurisdiction to proceed in this matter. The power of Florida’s circuit courts to exercise jurisdiction over dependent children is codified by statute. Simms v. State, Dep’t of Health & Rehabilitative Servs., 641 So.2d 957, 961 (Fla. 3rd DCA), review denied, 649 So.2d 870 (Fla.1994). Pursuant to section 39.013(2), Florida Statutes (2005), circuit courts have “exclusive original jurisdiction” of dependency actions brought under Chapter 39. This section further provides that the court may assume jurisdiction “regardless of whether the child was in the physical custody of both parents, was in the sole legal or physical custody of only one parent, caregiver, *54 or some other person, or was in the physical or legal custody of no person when the event or condition occurred that brought the child to the attention of the court.” § 39.013(2), Fla. Stat. (2005) (emphasis added); see also K.H. v. Dep’t of Children & Family Servs., 846 So.2d 544, 546-547 (Fla. 3rd DCA 2003). Thus, DCF’s failure to initially join the mother in the proceedings does not render the trial court’s adjudication of dependency against the custodian void. Under the statute, the trial court has jurisdiction to proceed against the person who has custody of the children. Here, the mother, who is now represented by counsel, has no objection to the court’s jurisdiction over the children.
As a second issue on appeal, Mor-croft argues that the trial court erred in denying her petition for dependency and shelter against the mother because the minor child, C.J., is an illegal alien. For this reason, Moreroft contends the trial court erred by failing to follow the requirements of section 39.5075, Florida Statutes (2005) (effective July 1, 2005), and the provisions of rule 65C-9.003, Florida Administrative Code. Significantly, in the July 11th hearing, Moreroft advised the trial court that “[w]e may or may not ask for special immigrant status for [C.J.].” Thus, the issue was not properly raised by Moreroft below.
However, Moreroft is correct that the requirements of section 39.5075 and the provisions of rule 65C-9.003 apply. Accordingly, as' part of this dependency action, the trial court should require DCF to comply with the requirements of the statute and the rule with regard to the immigration status of the minor child, C.J. Finally, regardless of the placement arrangements ultimately made for the children, if the custodian substantially complies with the case plan, the trial court should conduct an independent analysis to determine whether reunification with the custodian would be in the best interests of the children. In proceedings related to children in the custody of the State, the courts are charged with the duty of ensuring that the best interests of the children are advanced; this duty exists during dependency .proceedings and continues through adoption proceedings. B.Y. v. Dep’t of Children & Families, 887 So.2d 1253 (Fla.2004); see also § 39.01(41), Fla. Stat. (2005) (long-term custody arrangements involve an analysis of the best interests of the minor child); § 39.622, Fla. Stat. (2005) (statutory conditions for long-term custody arrangements).
AFFIRMED.
ORFINGER and LAWSON, JJ„ concur.

. Although the parties refer to the custodian by differing initials, the custodian will be referred to as "AJ.” throughout this opinion.

. For purposes of appeal, Morcroft's motion is treated as a Florida Rule of Juvenile Procedure 8.270(b) motion to set aside the order of adjudication of dependency.

.Official-looking documents, written in French and executed in Haiti, purport to give custody of the children to A.J.

. The plan indicated the mother was contacted regarding the proceedings and that A.J. was the "legal custodian" of the children.

. On appeal, Morcroft argues that the petition for dependency she requested should have been granted pursuant to section 39.5075, Florida Statutes (2005) and rule 65C-9.003, Florida Administrative Code, because the minor child, C.J., is an illegal alien.

.During oral argument, DCF’s counsel incorrectly asserted that the mother's parental rights were no longer intact given the custody arrangement. However, this assertion is not supported by either the record or existing law. Casbar v. DiCanio, 666 So.2d 1028, 1029 (Fla. 4th DCA 1996) (under Florida law parental rights may be terminated only by adoption or through Chapter 39 proceedings).