BID WILL, MARTIN J., Associate Judge.
 

 John W. Miller (hereinafter “Miller”) appeals from an adverse final judgment entered after a non-jury trial on Miller’s suit seeking declaratory relief. Miller contends that the trial court erroneously declined to declare a covenant not to compete in a 1994 settlement agreement void as illegal and against public policy. We affirm.
 

 Factual and Procedural Background
 

 Miller operates, or has an ownership interest in, numerous restaurant and bar establishments throughout Florida under the “Ale House” name. Appellee Jay Preefer also operates, or has licensees that operate, restaurant and bar establishments throughout Florida, including businesses operating under names which include the term “Ale House.”
 

 In 1992, Miller and nine associated companies sued Jay Preefer, Richard Preefer, Jay Starr, and various other associated companies (hereinafter “Preefer defendants”). Miller’s 1992 lawsuit against the Preefer defendants alleged trademark and service mark infringement for the Preefer defendants’ use of the name “Ale House.” The suit also claimed that the Preefer defendants had engaged in a pattern of unfair competition by registering various corporate names that included the words “Ale House,” and by utilizing Miller’s business model and menus.
 

 The parties resolved this 1992 lawsuit on June 14, 1994, when they entered into a mediated settlement agreement. In their handwritten agreement, the parties agreed to end the pending litigation, each party agreeing to dismiss all pending claims with prejudice. In addition, the parties also made a number of other promises and undertook certain obligations. Among these, and at issue in this case, is the covenant not to compete memorialized in paragraph 3 of the settlement agreement. In the subject covenant, Miller agreed not to conduct a related restaurant business in a specific geographical area of Palm Beach County, Florida, for a period of fifty years. In paragraph 8, the parties then expressly agreed that these territorial and time limi
 
 *1280
 
 tations agreed to in paragraph 3 are reasonable and just, and that these limitations can be incorporated into a court order which will reserve jurisdiction to enforce the agreement.
 

 The trial court dismissed the 1992 case with prejudice as to all claims on July 19, 1994. The trial court’s final order of dismissal expressly incorporated the 1994 settlement agreement, as well as the agreement not to compete which was contained within it:
 

 The above-styled stipulation, including, without limitation, the agreement not to compete is ratified and adopted by the Court and incorporated into this Order and the Court reserves jurisdiction in equity and at law to enforce the terms, covenants, promises and conditions of the stipulation and to enter such further orders as may be necessary. The Court specifically ratifies the parties’ agreement that the geographical area and time durations and other matters pertaining to the agreement not to compete are reasonable and just.
 

 In 2002, Jay Preefer sued Miller, alleging violations of the 1994 settlement agreement. Miller counterclaimed. Among Miller’s counterclaims was a claim that paragraph 3 of the 1994 settlement agreement was unenforceable. In 2006, the parties settled the 2002 lawsuit, leading to the dismissal of Preefer’s claims, as well as the dismissal without prejudice of Miller’s counterclaim.
 

 Shortly after the resolution of the 2002 litigation, Miller filed suit against the Preefer defendants seeking a declaratory judgment from the trial court that the covenant not to compete in the 1994 settlement agreement was void and unenforceable as an illegal restraint of trade in violation of section 542.33, Florida Statutes (1993), which statutory provision authorized agreements that restrain trade only in certain limited circumstances.
 
 [1]
 
 Miller insisted the remainder of the 1994 settlement agreement was enforceable. In response, the Preefer defendants essentially claimed that, having received the benefit of the agreement for nearly thirteen years, Miller could not now seek to have a portion of the agreement, which was not advantageous to him, declared unenforceable.
 

 The trial court conducted a bench trial on May 3, 2007. During the trial, the trial court took judicial notice of the fact that the adverse parties in the 1992 litigation never shared any of the relationships identified in section 542.33, Florida Statutes (1993), at least one of which was a necessary pre-requisite to except the covenant not to compete from the general prohibition against restraints of trade.
 

 On June 26, 2007, the trial court ruled in favor of the Preefer defendants, and entered a written final judgment. Obviously having reconsidered its prior unwillingness to take judicial notice of the final order dismissing the 1992 lawsuit,
 
 see
 
 section 90.202(6), Florida Statutes (2007) (providing that a court “may” take judicial notice of “[rjeeords of any court of this state”), the trial court stated in its final judgment: “While not determinative of this Court’s decision, this settlement agreement was incorporated into and ratified by the Court in the dismissal of the prior litigation, the Court reserving jurisdiction only to enforce its terms.” The trial court then denied Miller’s claim for declaratory relief to
 
 *1281
 
 the extent that Miller sought to have the trial court declare invalid the covenant not to compete in paragraph 3 of the 1994 settlement agreement. Instead, the trial court declared that the 1994 settlement agreement is valid and enforceable. The trial court explained its ruling, in pertinent part, as follows:
 

 The Defendants in the prior litigation gave up substantial rights including the use of certain business names in return for the negotiated non-compete agreement. Such a negotiated mediation settlement agreement is binding and should be enforced the same as a Final Judgment. To do otherwise, turns on its head the public policy of this state favoring settlements. In addition, to allow the Plaintiff to now void a portion of their settlement agreement after it has been completely executed by the opposing party would be inequitable, unjust and unfair under the particular fact circumstances of the present litigation. As such, by failing to take any action for 13 years, operating under the agreement, having taken the benefits of the agreement, the Plaintiff is now estopped or has otherwise waived any right to claim the invalidity of paragraph 3 contained in the Complaint.
 

 Miller’s timely appeal followed.
 

 Discussion
 

 Miller’s appeal requires us to engage in two distinct layers of analysis. The first requires us to determine whether the covenant not to compete in paragraph 3 of the 1994 settlement agreement constitutes an illegal restraint of trade. And, if it is illegal, we must next decide whether Miller can challenge the illegal covenant many years after it had been incorporated into a judgment. This latter inquiry requires a determination of whether the judgment is “void” or merely “voidable.”
 

 Section 542.18, Florida Statutes (1993), generally prohibits any contract in restraint of trade or commerce. The legislature set forth exceptions to this general bar, in certain specified circumstances, in section 542.33, Florida Statutes (1993).
 
 [2]
 
 Section 542.33 allows contracts in restraint of trade only where there was a sale of a business; an employment, agency, or independent contractor relationship; a licensing relationship; or a partnership. Con
 
 *1282
 
 tracts that restrain one from exercising a lawful profession, trade, or business, and that do not fall within these limited exceptions carved out in section 542.33(2) and (3), are void.
 
 See Spencer Pest Control Co. of Fla., Inc. v. Smith,
 
 637 So.2d 292 (Fla. 5th DCA 1994).
 

 Applying the plain language of the 1993 version of the statute to the stipulation of the parties below, there is no question that the parties do not satisfy any of the relationship requirements of section 542.33(2) and (3). Further, it is also plain that the covenant not to compete acts to restrain trade. Miller contends, therefore, that, because the covenant not to compete constitutes a restraint on trade which is not authorized by any of the exceptions announced in subsections (2) or (3) of the statute, the trial court erred in failing to declare that portion of the 1994 settlement agreement void and unenforceable. Miller ordinarily would be correct. However, because the trial court incorporated the 1994 settlement agreement into the final order resolving that litigation, we reach a different conclusion.
 

 As the trial court incorporated the 1994 settlement agreement into the final order dismissing all of the claims in the 1992 litigation with prejudice, any effort to undo the agreement, or any portion of it, necessarily must travel through the judgment itself. That being so, the procedural method available to challenge the 1994 judgment, and the time frame within which a challenger must lodge such a challenge, is determined by whether the judgment is properly characterized as “void” or “voidable.”
 

 Florida courts have long drawn a distinction between a “void” judgment and a “voidable” judgment. A void judgment is one entered in the absence of the court’s jurisdiction over the subject matter or the person.
 
 See, e.g., Sterling Factors Corp. v. U.S. Bank Natl Ass’n,
 
 968 So.2d 658, 665 (Fla. 2d DCA 2007);
 
 Palmer v. Palmer,
 
 479 So.2d 221, 221 (Fla. 5th DCA 1985) (“If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void.”). A void judgment may be attacked at any time.
 
 See, e.g., M.L. Builders, Inc. v. Reserve Developers, LLP,
 
 769 So.2d 1079, 1082 (Fla. 4th DCA 2000).
 

 That is not the case, though, with a judgment that is merely voidable. To attack a judgment that is voidable, a challenger’s options are limited to taking a timely appeal from the judgment or filing a timely motion to set aside the judgment on one of the limited grounds for relief set forth in Florida Rule of Civil Procedure 1.540(b).
 
 See Sterling Factors Corp.,
 
 968 So.2d at 665 (“A voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4).”).
 

 Here, the trial court expressly found in its final judgment that the 1994 “settlement agreement was incorporated into and ratified by the Court in the dismissal of the prior litigation, the Court reserving jurisdiction only to enforce its terms.” Effectively, the trial court had incorporated the settlement agreement into its final judgment resolving the 1992 lawsuit. When it did, the settlement agreement, even though it contained an illegal covenant restraining trade, essentially became sheltered within the judgment. To undo the settlement agreement, or even just the covenant not to compete recited within it, Miller was required to undo the judgment itself. However, be
 
 *1283
 
 cause the trial court had jurisdiction over the subject matter of the 1992 litigation and personal jurisdiction over the parties, the inclusion of an illegal or void provision in the settlement agreement resolving that litigation does not render the final judgment incorporating that settlement agreement void per se; such a judgment is merely voidable.
 
 See, e.g., Turkey Creek, Inc. v. City of Gainesville,
 
 570 So.2d 1055 (Fla. 1st DCA 1990);
 
 Dep’t of Health & Rehabilitative Servs. v. Morley,
 
 570 So.2d 402 (Fla. 5th DCA 1990);
 
 see also Greenwich Ass’nv. Greenwich Apartments, Inc.,
 
 979 So.2d 1116, 1118 (Fla. 3d DCA 2008). As voidable, the judgment was not subject to attack at any time, only via a timely appeal or a timely motion to set aside the judgment. Miller did not appeal or otherwise challenge this voidable final judgment, but instead operated under the settlement agreement incorporated within it, and enjoyed its benefits, for approximately thirteen years. As a result, he cannot now collaterally challenge the judgment or the settlement agreement. For that reason, the judgment of the trial court is affirmed.
 
 [3]
 

 Affirmed.
 

 WARNER and MAY, JJ., concur.
 

 [1]
 

 . A non-compete agreement is governed by the law in effect at the time that such agreement was entered into.
 
 See Cooper v. Thomas Craig & Co., LLP,
 
 906 So.2d 378 (Fla. 2d DCA 2005). Section 542.33 applies to the instant case and appeal. Section 542.335 was enacted in 1996 and applies to agreements entered on or after July 1, 1996.
 
 See
 
 § 542.335, Fla. Stat. (2007).
 

 [2]
 

 . The 1993 version of section 542.33 provided, in pertinent part, as follows:
 

 (1) Notwithstanding other provisions of this chapter to the contrary, each contract by which any person is restrained from exercising a lawful profession, trade, or business of any kind, as provided by subsections (2) and (3) hereof, is to that extent valid, and all other contracts in restraint of trade are void.
 

 (2)(a) One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer, continues to carry on a like business therein....
 

 (b) The licensee, or any person deriving title from the licensee, of the use of a trademark or service mark, and the business format or system identified by that trademark or service mark, may agree with the licensor to refrain from carrying on or engaging in a similar business and from soliciting old customers of such licensor within a reasonably limited time and area, so long as the licensor, or any person deriving title from the licensor, continues to carry on a like business therein....
 

 (3)Partners may, upon or in anticipation of a dissolution of the partnership, agree that all or some of them will not carry on a similar business within a reasonably limited time and area.
 

 [3]
 

 . The trial court reasoned, in part, that Miller was estopped from challenging the validity of the covenant not to compete because the parties had operated under the agreement, and Miller had enjoyed its benefits, for many years. However, the legal principle of estop-pel would not apply to permit enforcement of a non-compete agreement that constitutes an illegal restraint of trade.
 
 See Montsdoca v. Highlands Bank & Trust Co.,
 
 85 Fla. 158, 95 So. 666, 668 (1923) ("The doctrines of estop-pel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy.”);
 
 Pandya v. Israel,
 
 761 So.2d 454, 458-59 (Fla. 4th DCA 2000) (stating that the defense of estoppel "cannot breathe life into a contract that violates a statutory provision”).