STEVENSON, J.
Kelly Lynn Reed, the mother of minor child Abby Lynn Reed, challenges the trial court’s denial of her motions to intervene in child support and child custody proceedings for the purposes of challenging the validity of an agreement providing for termination of the child’s father’s parental rights and of an order approving such agreement. As we agree that intervention was not the appropriate vehicle to raise such a challenge, we affirm the orders appealed.[1]
The Department of Revenue initiated proceedings to establish Rollin Blanshine as the father and to require him to pay medical support and child support (case number 09-611). In turn, and within the confines of the Department of Revenue proceedings, Blanshine filed a petition seeking custody of the minor child and child support from the child’s mother. It was agreed that Blanshine’s custody petition would be transferred to a new lower court case number (case number 09-15176). Thereafter, the mother and father entered into an agreement providing the father would consent to termination of his parental rights and the mother would agree to withdraw the action for child support. The trial court subsequently entered an order in the custody case approving the parties’ stipulated agreement and terminating the father’s parental rights.
Several months later, the mother filed a “Motion to Intervene” in both lower court case numbers. The motions alleged the mother was seeking to intervene in the proceedings, individually and on behalf of the minor child, for the purpose of challenging the agreement and the order terminating parental rights as the termination had deprived the child of support and a father/child relationship. The trial court denied the motions to intervene, indicating the mother’s remedies, if any, “lie in # 09-15176 [the custody case] ... with Kelley Lynn Reed as Petitioner.” In this appeal, the mother challenges the denial of her motions to intervene.
There is no question that the parents’ agreement for termination of the father’s parental rights and the subsequent order adopting such agreement are void and subject to challenge. See, e.g., Casbar v. Dicanio, 666 So.2d 1028 (Fla. 4th DCA 1996) (recognizing that termination of parental rights can be accomplished only by resort to chapters 63 (adoption) and 39 (termination of parental rights) and any attempt by a parent to contract away the child’s right to support is void and unenforceable as contrary to public policy); Fleming v. Brown, 581 So.2d 202 (Fla. 5th DCA 1991). The trial court correctly ruled, however, that intervention in the concluded child custody case is not the proper vehicle for the mother or the child to challenge the agreement and resulting order. See In re Adoption of a Minor Child, 593 So.2d 185, 189-90 (Fla.1991) (recognizing intervention is generally impermissible after entry of final judgment and exception allowing post-judg ment intervention in the interests of justice “is limited to permitting intervention by affected persons so that an appeal can be taken”). The motion for intervention filed in the DOR proceeding was appropriately denied as the order approving the parties’ agreement and terminating parental rights was entered in the custody proceedings — not the DOR proceeding. We thus affirm the orders appealed.
*56 Our affirmance is, however, without prejudice to the rights of the mother or the minor child (through an appropriate representative or next Mend pursuant to Florida Rule of Civil Procedure 1.210(b)), to challenge the agreement and order approving the same in a motion for relief from judgment or in a newly-initiated proceeding. See Casbar, 666 So.2d at 1029-30 (reversing denial of mother’s motion to set aside final order terminating father’s parental rights pursuant to agreement of parties and dismissal of child’s separate petition to determine paternity and child support).

Affirmed.

HAZOURI and LEVINE, JJ., concur.

. The orders appealed were entered in two lower court case numbers. The order in lower court case number 09-611 was appealed in case number 4D10-3370 and the order in lower court case number 09-15176 was appealed in case number 4D10-3371. We sua sponte consolidate the appeals.