PER CURIAM.
The former husband, Steven Michael Palmer, appeals an order enforcing the supplemental final judgment by requiring him to pay the former wife, Kimberley H. Palmer, a stipulated sum of money for his failure to obtain refinancing on the marital home within the time agreed to by the parties. He contends that the provision of the marital settlement agreement requiring him to compensate the former wife for delays in the refinancing amounts to a penalty and that it cannot be enforced.
A contract provision setting damages for delay in performance is not void as a matter of law. See Public Health Trust of Dade County v. Romart Const., Inc., 577 So.2d 636 (Fla. 3d DCA 1991) (concluding that the defendant had waived its right to challenge a liquidated damages provision setting a per diem amount of damages for delay, by failing to challenge the validity of the agreement in an affirmative defense). At most, a provision such as this would render the contract voidable.
We need not decide whether the provision at issue is a valid liquidated damages clause or whether it is invalid as a penalty, because an agreement that is merely voidable is not subject to collateral challenge once it has been incorporated into the final judgment. See Wells v. Wells, 832 So.2d 266 (Fla. 4th DCA 2002) (declining to consider an argument raised for the first time in a contempt proceeding that a provision of the marital settlement *259 agreement was unconscionable); Miller v. Preefer, 1 So.3d 1278 (Fla. 4th DCA 2009) (declining to consider a collateral challenge to a judgment incorporating an agreement that contained an allegedly illegal covenant not to compete, on the ground that the alleged illegality merely rendered the agreement voidable). Here, the former husband did not appeal the judgment nor did he seek to modify or vacate it. Instead, he attempted to raise the issue as a defense to an action to enforce the judgment by contempt. Because the marital settlement agreement is merely voidable, the judgment incorporating the agreement is no longer subject to collateral challenge.
We find no error in the judgment as to any of the other issues the former husband has raised on appeal. Accordingly, we affirm.
PADOVANO and RAY, JJ., concur.
MAKAR, J., concurring in part, dissenting in part.