GROSS, J.
The former husband challenges an order issued under Florida Rule of Civil Procedure 1.540(b) vacating a portion of an agreed order that awarded a final money judgment for back child support. We reverse because there was no legal basis under the rule to grant relief.
The parties, both attorneys, stipulated to a final judgment of dissolution of marriage in 1999. Under the applicable child support guidelines, the former husband’s child support obligation calculated at $828.16 per month. Nonetheless, the agreed judgment provided that he would pay $1,300 per month in child support commencing December 1, 1999 and $1,500 per month commencing December 1, 2000, in addition to other education, medical, and wedding expenses.
Significantly, the agreed judgment provided that “[o]nly the amount due under the guidelines ($828.16) shall be enforceable by the [court’s] contempt powers” and that the other expenses were “not enforceable by the [court’s] contempt powers.”
Over the next nine years, the former husband neglected to pay much of his child support obligations or the education and medical expenses. This led to multiple contempt proceedings, motions to enforce the final judgment, and a motion to withdraw filed by the former wife’s attorney.
In 2008, the former husband notified the circuit court that the parties had reached a settlement agreement. On November 21, 2008, the circuit court entered an “Agreed Order Containing Money Judgment” that settled “all pending motions of the parties.” Using standard language for a final money judgment,[1] the Agreed Order awarded the former wife a $70,000 money judgment against the former husband, with interest, and ordered that “execution issue forthwith.” Important for this appeal, paragraph 7 of the Agreed Order provided that the “Court retains jurisdic *1059 tion of the action, but not of the money judgment contained herein.”
Over three years later, on April 4, 2012, the former wife moved for the enforcement of the $70,000 money judgment. The former husband responded that he was current on the $828.16 child support payments punishable by contempt; accordingly, he moved to dismiss the proceedings directed at the $70,000 judgment because the circuit court had divested itself of jurisdiction over the money judgment in paragraph 7 of the Agreed Order.
Even though she did not file a motion for rehearing directed at the Agreed Order, or take an appeal, the wife responded that she never agreed “to relinquish jurisdiction of this action.” She also moved the court to set aside that part of paragraph 7 divesting the court of jurisdiction as “against law, equity, public policy and for extrinsic fraud” so that the former wife would not “be denied [the] opportunity to obtain child support past due.”
Following a hearing, on March 25, 2013, the circuit judge entered an order denying former husband’s motion to dismiss for lack of jurisdiction. As to former wife’s argument that she never agreed to the provision at issue, the trial court determined that the language in the Agreed Order was “clear and unambiguous,” and that her claim was otherwise untimely raised. Nevertheless, relying upon the “well established law that parents may not contract away the rights of their child for support,” the court, pursuant to Rule 1.540(b)(4), struck the provision relinquishing jurisdiction over the money judgment, reasoning as follows:
[T]his Court finds that the language contained in the Agreed Order Containing Money Judgment ... relinquishing this Court of its jurisdiction over the Money Judgment for child support and related child expenses was not in the best interests of the child as it deprived the parents and/or child of the ability to enforce the Money Judgment in the state in which the child resides. Therefore, this language is void as against public policy and that portion of the Money Judgment is stricken and set aside.
The circuit court erred on both procedural and substantive grounds. First, the provision in the Agreed Order did not violate public policy because it did not preclude the former wife from seeking enforcement of the money judgment by instituting an action on a judgment in the civil division of a Florida circuit court or commencing collection proceedings in New York. Second, even if the provision were “void as against public policy,” it rendered the Agreed Order merely “voidable,” so that relief was not authorized under Florida Rule of Civil Procedure 1.540(b)(4).
Paragraph 7 of the Agreed Order divested the court of jurisdiction over the $70,000 money judgment. We read that to mean that the former wife was precluded from pursuing collection remedies within the context of the ongoing case in the family division of the circuit court. Nothing in the Agreed Order prevented the former wife from filing an action on the $70,000 judgment in the civil division of a Florida circuit court and pursuing her collection remedies in the newly filed action.
“Every judgment gives rise to a common law cause of action to enforce it, called an action upon a judgment.” Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa., 805 So.2d 835, 840-41 (Fla. 4th DCA 2001). The “main purpose of an action on a judgment, a separate cause of action from the original judgment, [i]s to obtain a new and independent judgment” which will “ ‘facilitate the ultimate goal of securing satisfaction of the original cause of action.’ ” Corzo Trucking Corp. v. *1060 West, 61 So.3d 1285, 1288 (Fla. 4th DCA 2011) (quoting Burshan, 805 So.2d at 841). As we wrote in Corzo,
[i]n defending an action on a judgment, a “defendant cannot avail himself of defenses which he might have interposed in the original action.” Restatement (First) of Judgments § 47 cmt. e. However, a defendant may “interpose defenses which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the [s]tatute of [l]imitations.” Id.
61 So.3d at 1288. In addition to filing an action on a judgment in Florida, the former wife also might have used the $70,000 judgment to collect from the former husband in New York.[2]
For these reasons, contrary to the circuit judge’s conclusion, the Agreed Order did not “contract away” the right of the child for support or deprive the child of the ability to enforce the money judgment in Florida. The order was therefore not void as against public policy.
The second reason for reversal derives from the operation of Rule 1.540(b)(4), which allows for relief from a “void” judgment but not a “voidable” one. If paragraph 7 was void as against public policy, then the Agreed Order was merely “voidable.”
“ ‘The general purpose of [rule 1.540(b) ] is to enable the court to grant relief against an unjust decree ....’” Smith v. Frank Griffin Volkswagen Inc., 645 So.2d 585, 588 (Fla. 1st DCA 1994) (quoting Cutler Ridge Corp. v. Green Springs, Inc., 249 So.2d 91, 93 (Fla. 3d DCA 1971)). “As an exception to the rule of finality,” Rule. 1.540’s application is “narrow,” Molinos Del S.A. v. E.I. DuPont de Nemours & Co., 947 So.2d 521, 524 (Fla. 4th DCA 2006), and is constrained by the time restrictions contained in the rule. See Wright v. Scott, 658 So.2d 1215, 1215 (Fla. 1st DCA 1995). Such limitations conform the rule to the Florida Supreme Court’s mandate that Rule 1.540 never “‘serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error.’ ” Curbelo v. Ullman, 571 So.2d 443, 444 (Fla.1990) (quoting Fiber Crete Homes, Inc. v. Div. of Admin., 315 So.2d 492, 493 (Fla. 4th DCA 1975)).
In applying rule 1.540(b)(4), “a distinction exists between a judgment that is void and one that is voidable.” Krueger v. Ponton, 6 So.3d 1258, 1261 (Fla. 5th DCA 2009). “A void judgment is so defective that it is deemed never to have had legal force and effect.” Sterling Factors Corp. v. U.S. Bank Nat'l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007). As legally ineffective and a nullity, “[a] void judgment may be attacked” pursuant to Rule 1.540(b)(4) “at any time because the judgment creates no binding obligation on the parties.” Fisher v. State, 840 So.2d 325, 331 (Fla. 5th DCA 2003) (emphasis removed).
“In contrast, a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated.” Zitani v. Reed, 992 So.2d 403, 409 (Fla. 2d DCA 2008) (citation omitted). “A voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circum *1061 stances, but it cannot be challenged at any time as void under rule 1.540(b)(4).” Sterling Factors Corp., 968 So.2d at 665; see also Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000).
“Generally, a void judgment is one entered without subject matter jurisdiction or personal jurisdiction....” Zitani, 992 So.2d at 409 (citation omitted); see also Miller v. Preefer, 1 So.3d 1278, 1282 (Fla. 4th DCA 2009) (“A void judgment is one entered in the absence of the court’s jurisdiction over the subject matter or the person.”). Also, “[a] judgment is void if, in the proceedings leading up to the judgment, there is ‘[a] violation of the due process guarantee of notice and an opportunity to be heard.’ ” Shiver v. Wharton, 9 So.3d 687, 690 (Fla. 4th DCA 2009) (quoting Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006)). Where, however, the “court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities, or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.” Krueger, 6 So.3d at 1261 (citing Phenion Dev. Group, Inc. v. Love, 940 So.2d 1179 (Fla. 5th DCA 2006)).
Analogous to the case at hand, in Department of Health & Rehabilitative Services v. Morley, 570 So.2d 402, 403 (Fla. 5th DCA 1990), the wife filed a Uniform Reciprocal Enforcement of Support Act (“URESA”) complaint in 1987 against her separated husband seeking monetary support for herself and their two minor children; from this complaint, the husband was ordered to pay $25 per week per child. Several months later, the wife and husband filed a petition for dissolution of marriage, which included a marital settlement agreement where the husband agreed to relinquish his parental rights over the children in exchange for the wife assuming all of the children’s support costs. Id. The trial court then entered a final judgment of dissolution, incorporating the settlement agreement as part of the judgment. Id.
Two years later, the wife, and the Department of Health and Rehabilitative Services, appealed a final judgment in a URE-SA action which held that the husband had no child support obligation due to the final judgment of dissolution. They argued that the provision abdicating the husband’s child support was “void insofar as it permanently relieve[d the husband] of any ongoing support obligation regardless of any demonstrated need of support.” Id. at 403-04. Recognizing that the provision was contrary to public policy, the fifth district nonetheless affirmed the final URESA judgment, finding the challenge untimely since the provision’s inclusion merely rendered the judgment voidable. Id. at 404. As the court explained:
[D]oes the incorporation of a void agreement into a final judgment likewise render the final judgment void? The answer is no. In the case sub judice, the final judgment of dissolution incorporating the settlement agreement was itself voidable, though not void, under the general rule that if a court has jurisdiction over the person and the subject matter, an error in the judgment does not make the judgment void, but rather reversible on appeal.
As noted, the final judgment of dissolution was not appealed. Because the identical issue (support) was litigated between the identical parties ... before two judges of the same court ... , and the final judgment of dissolution was issued later in time than the URESA order, the final judgment of dissolution, albeit voidable, remains nonetheless presumptively valid and binding on the litigants.
Id. (citations omitted). This Court has followed suit in similar circumstances. See *1062 Miller, 1 So.3d at 1282-83 (finding a final judgment, despite its incorporation of a settlement agreement containing an illegal covenant restraining trade, merely voidable since the trial court had jurisdiction over the subject matter of the litigation and personal jurisdiction over the parties at the time it was entered); see also Palmer v. Palmer, 109 So.3d 257, 258-59 (Fla. 1st DCA 2013) (finding a final judgment voidable, as against void, where it required the husband to pay a penalty to the wife for delays in refinancing the marital home).
Similarly, in this case, even if the Agreed Order’s divestiture of jurisdiction over the money judgment was void as against public policy, the order itself was merely voidable, since the trial court had personal and subject matter jurisdiction over the parties and there was no due process violation. Generally, if errors affect only the substance of a final judgment, they must be corrected within the ten-day time limit of rule 1.530 or by appellate review. Here, the trial court reversibly erred in vacating the offending provision pursuant to Rule 1.540(b)(4) because the Agreed Order was not “void” within the meaning of the rule. Furthermore, insofar as the former wife challenges the language of paragraph 7 as being against her wishes, or as the product of fraud, such claim is time-barred. See Fla. R. Civ. P. 1.540(b)(1) (permitting a court to set aside a final judgment for “mistake, inadvertence, surprise, or excusable neglect” within one year of the order’s rendition); Fla. R. Civ. P. 1.540(b)(3) (placing one year limitation on fraud claims).

Reversed and, remanded.

WARNER and LEVINE, JJ., concur.

. See Fla. R. Civ. P. Form 1.988.

. See Susan G. v. Martin L., 186 A.D.2d 29, 587 N.Y.S.2d 635, 637 (N.Y.1992); Evoy v. Amandio, 34 Misc.3d 410, 932 N.Y.S.2d 874 (N.Y.Sup.Ct.2011). The Agreed Order stated that former husband’s address was in New York. New York has statutory collection remedies similar to the Florida Enforcement of Foreign Judgments Act. See §§ 55.501-55.509, Fla. Stat. (2009).