# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1283
Lower Tribunal No. 14-18051

_____

**Bernardo Fontes Antunes,**
Appellant,

vs.

**Ludmila De Oliveira,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox, for appellant.

Baron, Breslin & Sarmiento, and Richard Baron, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

EMAS, J.

Appellant, Bernardo Fontes Antunes ("the Father") appeals from an order denying his motion for contempt and to enforce the marital settlement agreement entered into by him and appellee, Ludmila De Oliveira ("the Mother"). For the reasons that follow, we affirm in part and reverse in part.

The couple was married and had a child in 2013. They divorced in 2015, and a Marital Settlement Agreement (MSA) was entered into and adopted by the trial court as a part of the final judgment of dissolution. In the MSA, the parties agreed that, upon their divorce, if either parent wanted to take their minor child out of the United States, that parent would notify the other in writing at least seven days prior to the trip. It further provided that a failure to comply would result in the offending parent paying $10,000 to the other parent, and that the offending parent would no longer be permitted to travel internationally with the minor child until the child became an adult. The provision reads, in pertinent part:

> If either parent should travel internationally without giving prior written notice to the non-traveling parent then the travelling parent shall be responsible to pay the non-travelling parent the sum of $10,000.00 within thirty (30) days from the date of the violation and also the violating parent shall not be entitled to travel internationally with the minor child all throughout the child's minority.

Following the divorce, the parents continued to have disagreements about travelling with the minor child, with the Mother filing several motions

2

with the trial court, seeking relief related to travel and timesharing with the child. An Agreed Supplemental Final Judgment Modifying Timesharing was entered on April 30, 2018, and later an agreed order was entered removing certain provisions related to makeup timesharing and the right of first refusal for timesharing when one parent is travelling. However, none of these subsequent modifications altered the provision in the MSA at issue, relating to notice of international travel with the minor child and the consequences for a violation of same.

In February 2019, the trial court entered an order containing the following relevant provisions:

> Pursuant to the judgment of this Court adopting the MSA of the parents, the minor child's passport shall include authorization for either parent to travel internationally with the child without the consent or approval of the non-traveling parent.

> [The Mother] shall be entitled to travel with the minor child without [the Father's] consent or approval required under the laws of Brazil or the United States.

> The Court retains jurisdiction to modify this order or issue additional orders to effectuate the intent of the Court regarding the granting to [the Mother] the right to obtain a Brazilian passport for the minor child and to travel with the minor child without the necessity of [the Father] execution [sic] any documents with the country of Brazil or the United States.

It is plain that the purpose of this February 2019 order was to authorize the Mother to obtain a passport for the child and to travel internationally

3

without the necessity of the Father executing documents or giving consent for those purposes. However, the February 2019 order did not address or alter the provision of the MSA requiring the giving of timely notice of international travel with the minor child.

Thereafter, during Thanksgiving 2019, the Mother travelled to Ireland with the minor child without first giving timely notice to the Father. The Father learned of this trip upon the child's return, and he thereafter filed a motion for contempt and to enforce the MSA against the Mother. The relief he sought—pursuant to the express terms of the MSA—was an order requiring the Mother to pay him $10,000, and prohibiting the Mother from thereafter travelling internationally with the minor child. The Father filed a separate motion seeking contempt sanctions as well.

The Mother responded, asserting that the February 2019 order of the court allowed her to travel internationally with the child without the Father's consent, that this February 2019 order superseded all prior orders of the court and thus, notice to the Father in advance of international travel was no longer required.

After a hearing, the court denied the Father's motion for contempt, and further determined that: (1) the $10,000 payment for violation of the MSA's notice requirement was an unenforceable penalty clause; (2) enforcement of

4

the MSA's provision prohibiting the Mother to travel internationally with the minor child was not in the child's best interests; and (3) although the Mother did violate the MSA's notice requirement, the violation was not willful or intentional. The court later denied the Father's motion for rehearing, and this appeal followed.

The MSA provides two separate sanctions when one parent fails to timely notify the other parent of international travel with the minor child: (1) payment of an agreed-upon amount ($10,000) by the offending parent to the other parent; and (2) prohibiting the offending parent from any further international travel with the child until the child reaches the age of majority.

We hold that the provision requiring payment of a $10,000 monetary sanction is enforceable, but the provision prohibiting the offending parent from any further international travel with the minor child is not enforceable where (as here) the trial court made findings, supported by the evidence, that enforcement of this provision is not in the best interests of the child.

In Palmer v. Palmer, 109 So. 3d 257 (Fla. 1st DCA 2013), our sister court considered whether a contract provision in an MSA, which provided that the former husband must pay the former wife a sum of money for failing to timely refinance the marital home, was an unenforceable penalty clause. The First District held that because "[a] contract provision setting damages

5

for delay in performance is not void as a matter of law," but, rather, merely voidable, the clause was not subject to collateral challenge by the former husband because it had been incorporated into the final judgment of dissolution of marriage. Id. at 258. The fact that the monetary penalty provision had already been adopted and incorporated by the court in the final judgment rendered it unassailable as between the parties, and the party subject to the penalty was prohibited from challenging its enforcement.

The Mother contends the instant case differs from Palmer because, here, a minor child is involved. However, the $10,000 monetary sanction is a negotiated payment from the offending parent to the non-offending parent; the sanction does not directly involve or affect the child, nor did the trial court make any finding that the sanction indirectly did so, or that payment of this sanction was not in the child's best interests. We agree with the analysis in Palmer and hold that the $10,000 monetary sanction, negotiated and agreed to in the MSA, which was adopted by the trial court and incorporated into the final judgment of dissolution, is not an unenforceable penalty clause. "It is well settled that in a dissolution of marriage proceeding, the parties are free to agree to obligations the trial court could not order in the absence of an agreement." Godwin v. Godwin, 273 So. 3d 16, 24 (Fla. 4th DCA 2019) (quoting Taylor v. Lutz, 134 So. 3d 1146, 1148 (Fla. 1st DCA 2014)). The

trial court erred in concluding that this monetary sanction was an unenforceable penalty clause.

However, as to the additional sanction—a blanket prohibition of any further international travel with the minor child—we hold the court acted within its discretion in not enforcing this provision upon a determination that such sanction was not in the child's best interests. See Pagliaro v. Pagliaro, 264 So. 3d 196, 198 (Fla. 4th DCA 2019) (reiterating that "'a trial court's responsibility to the child cannot be abdicated to any parent, or any expert,' and a court is not bound by any agreement between parents" (internal quotation omitted); Puglisi v. Puglisi, 135 So. 3d 1146, 1148 (Fla. 5th DCA 2014) (holding, as to agreements between parents on child support, custody, or visitation: "The 'best interests' of the child takes predominance over any agreement between the parents and must be independently determined by the trial court"); Feliciano v. Feliciano, 674 So. 2d 937 (Fla. 4th DCA 1996) (holding a trial court may set aside agreement on child support, custody and visitation if it is not the best interest of the children).

We therefore affirm that portion of the trial court's order denying enforcement of the "no international travel" sanction in the MSA, based upon the trial court's finding that enforcement was not in the minor child's best interest. However, we reverse that portion of the trial court's order which

7

concluded the $10,000 sanction was an unenforceable penalty clause. We remand with instructions to enter an amended order enforcing the agreed-upon $10,000 payment and ordering the Mother to pay.[1]

Affirmed in part, reversed in part, and remanded with directions.

---

[1] We affirm, without further discussion, the order denying the Father's motion requesting the trial court hold the Mother in contempt for violating the MSA's provision. See Pace v. Pace, 295 So. 3d 898 (Fla. 5th DCA 2020) (holding: "A trial court's determination that a party is in willful contempt of court must be based upon competent substantial evidence and is subject to an abuse of discretion.")